**SCHWARTZ LAW PLLC**
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Email: allen@allenschwartzlaw.com

March 24, 2025

**VIA ECF**

Hon. Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re: Request for Emergency Conference, *Jeffrey Simpson v. Jared Chassen*, et. al.,
      Index No. 1:25-cv-02372-LTS**

Dear Judge Swain:

      I represent Jared Chassen in the above-captioned action. I respectfully submit this letter seeking an emergency pre-motion conference to address Plaintiff Jeffrey Simpson's purported *pro se* removal of litigation that has been pending in the New York State Supreme Court, Commercial Division, before the Honorable Joel M. Cohen (the "Commercial Division") since August 2023. *See* ECF 1.[1] By this purported *pro se* removal, Mr. Simpson, while currently represented by counsel in the Commercial Division, is attempting to collaterally attack that court's orders and interfere with a receiver just appointed by the Commercial Division.[2] Mr. Simpson filed the purported removal after the Commercial Division entered an order on March 11, 2025 appointing a temporary receiver over JJ Arch LLC, an entity owned by Mr. Simpson and Mr. Chassen, after a two day evidentiary hearing.[3] The purported removal was also filed just before the Commercial Division is set to hear, on March 27, 2025, Mr. Chassen's motion seeking to hold Mr. Simpson in civil and criminal contempt of the Commercial Division's prior orders.

      "[I]t is the duty of the Court to raise the question of removal jurisdiction *sua sponte,* if appropriate." *Newman & Cahn, LLP v Sharp*, 388 F. Supp. 2d 115, 117 (E.D.N.Y. 2005) (citing *Mignogna v Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) ("it is our obligation to do so *sua sponte*"). Mr. Simpson's removal is self-evidently procedurally and jurisdictionally improper. Mr. Simpson did not "attach to his Notice any pleadings or orders from th[e] underlying action,"

---

[1] Mr. Simpson purported to remove this action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, asserting federal subject matter jurisdiction over this 2023 case.

[2] Mr. Simpson is presently represented by Robert Lorenc, Esq. in this action. Mr. Lorenc also represents JJ Arch LLC.

[3] A copy of the Receiver Order is annexed hereto as Exhibit 1.

or sign the removal notice pursuant to Rule 11, and thus his notice "does not comply with 28 U.S.C. § 1446(a) and is improper." *Scott v NY City Admin.*, No. 17-cv-93 (AJN), 2017 U.S. Dist. LEXIS 53804, at *1 (S.D.N.Y. Apr. 6, 2017). Even worse, Mr. Simpson is the plaintiff in this action, and "only a defendant can remove an action to federal court." *Burchette v Gladsten*, No. 24-CV-4901 (LTS), 2024 U.S. Dist. LEXIS 159051, at *3 (S.D.N.Y. Aug. 26, 2024) (*sua sponte* remanding action where *pro se* plaintiff purported to remove action); *Bey v Brann*, No. 23-CV-7247 (LTS), 2023 U.S. Dist. LEXIS 143934, at *4 (S.D.N.Y. Aug. 17, 2023) (same). A plaintiff "cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them." *Yun Fei Xiao v City of NY*, 2010 U.S. Dist. LEXIS 6181, at *2 (S.D.N.Y. Jan. 25, 2010) (citing 14C C. Wright, A. Miller, E. Cooper & J. Steinman, Fed. Prac. & Proc. § 3730 (4th ed.)).[4]

Mr. Simpson's removal is also wildly untimely, as this case has been pending since August 2023. *See* 28 U.S.C. § 1446(b)(1) (providing 30-day deadline to remove). And even had this been timely, all defendants must join in or consent to such a removal. *HSBC Bank v Hum.*, 2024 U.S. Dist. LEXIS 165063, at *3 (S.D.N.Y. Sep. 12, 2024). And while Mr. Simpson does not attach the pleadings filed in this action, the pleadings contain no federal causes of action.[5] "[R]emoval is not proper unless the complaint 'affirmatively allege[s] a federal claim.'" *Herskovic v Verizon Wireless*, No. 23-648, 2024 U.S. App. LEXIS 23554, at *3 (2d Cir. Sep. 17, 2024) (quoting *Connecticut v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023).

Mr. Simpson's bad-faith purpose—to stymie the receiver and to avoid the contempt hearing—is evident from his recent correspondence with the Commercial Division on the NYSCEF e-file system. *See* Ex. 2, March 20, 2025 Letter from Mr. Simpson to Commercial Division (telling the Commercial Division, "[o]nce again, you will learn, I am and was a very effective leader by making informed and educated decisions and moving forward. This is not a "free for all", It is my business that you have invaded in ways that are unconscionable."); Ex. 3, March 20, 2025 Letter from Mr. Simpson to Commercial Division (telling the Commercial Division, "I am not the first victim and hopefully I will be the last of this arrogance and biased behavior . . ."). Just today, Mr. Simpson also contemptuously refused to allow the receiver to effectuate his duties, calling 911 to stop him from fulfilling the duties set forth by the Commercial Division's receiver order. *See* Ex. 4, March 24, 2025 Letter from Mr. Simpson to Commercial Division (telling the Commercial Division, "[i]t is unconscionable that the appointed (without my consent or anything) Receiver, without my approval . . . and a full Removal to SDNY can show up this way. He knows better, but for some reason, this Court thinks they can keep playing their game and continue to breach its authority.").

---

[4] *See also Coditron Corp. v AFA Protective Sys.*, 392 F. Supp 158, 161 (S.D.N.Y. 1975); *Boivin v Town of Addison*, No. 2:08-CV-66, 2008 U.S. Dist. LEXIS 53777, at *8 (D. Vt. July 15, 2008); *Cf. Vaden v Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").

[5] A copy of Mr. Simpson's complaint and Mr. Chassen's counterclaims are annexed as <u>Exhibits 5 and 6</u>.

This purported *pro se* removal, while Mr. Simpson is represented by counsel, was filed "with the intent to delay and frustrate petitioner's state court action." *In re Crescenzi*, No. 82 Civ. 5447 (CBM), 1982 U.S. Dist LEXIS 14754, at *3 (S.D.N.Y. Sep. 9, 1982). And, unfortunately, this is not Mr. Simpson's first bad faith use of removal to collaterally attack the Commercial Division's orders in this case. *See In re JJ Arch LLC*, 2024 Bankr. LEXIS 1347, at *33-47 (Bankr S.D.N.Y. June 10, 2024) (finding that Mr. Simpson's removal of this action in early 2024 to bankruptcy court was an act of forum shopping); *In re JJ Arch LLC*, 663 B.R. 258, 280-284 (Bankr S.D.N.Y. 2024) (finding that Mr. Simpson's JJ Arch bankruptcy filing was in bad faith).

Mr. Simpson's purported removal, in addition to self-evidently lacking any jurisdictional basis, thus seeks to collaterally attack the Commercial Division, stymie emergent relief—the appointment of a receiver—ordered by the Commercial Division after a two-day evidentiary hearing and seeks to avoid a contempt hearing scheduled for this week. Mr. Chassen respectfully requests that the Court hold an urgent pre-motion conference or otherwise enter an order remanding this proceeding.[6]

                                                  Sincerely,
                                                ___/s/_____
                                                Allen Schwartz, Esq.

---

[6] Mr. Chassen also seeks an award of attorney's fees and the entry of an order barring Mr. Simpson from attempting to remove this proceeding again without prior Court permission.