Jeffrey Simpson, personally, Pro Se

1055 Park Avenue
New York, NY 10028

Delivered via email to all parties and Pro Se Intake: (ProSe@nysd.uscourts.gov)

Southern District of New York

Thurgood Marshall

United States Courthouse

40 Foley Square

New York, NY 10007

## NOTICE OF REMOVAL Exhibit A

### SUPPLEMENTAL SUBMISSION - March 24th, 2025

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Jeffrey Simpson as Defendant, hereby removes the following related cases (the "Removed Cases") from the Supreme Court of the State of New York, New York County (the "State Court"), to the United States District Court for the Southern District of New York:

- Removal 1. Jeffrey Simpson, as managing member of JJ Arch LLC and derivatively as managing member of Arch Real Estate Holdings LLC and JJ Arch LLC v. Jared Chassen, First Republic Bank, 608941 NJ Inc. Et Al.

    NYS Index No. 158055-2023, Active (Main Case)

    Caption does illustrate Simpson as Defendant but given the breadth of the case, it is structured that multiple parties are plaintiffs and defendants via claims and cross claims.

    ----------------------------------------------------------------------------------------------------

SUPPLEMENTAL SUBMISSION:

Additional Grounds for Removal from NYS to Federal Jurisdiction:

1. Under 28 U.S.C §§ 1441, Rule 9 – specifically deals with Fraud and Securities theft.  In the NYS action Paramount Picture Corporation v Allianz Risk Transfer AG, February 20th, 2018, the plaintiffs took action in Federal Court, then took action in NYS Court and it was decided that the matter was tied to "Federal Common Law" which deals with Securities Fraud.  In this case, Mr. Chassen pursued the use of funds and bank accounts improperly, without authority which is considered theft and wire fraud, notwithstanding the results of his actions effect over 100 outside investors.  The participation of First Republic Bank, now JP Morgan (violations under the FDIC Section 4.5), was a participant in these endeavors and pursues aggressively in NYS Court that they have no participation in the case (within the last 30 days and in concert with the Feb. 25th, 2025 Evidentiary Hearing.  However, they (JPM) have continued to misallocate bank account access and rights ever since Mr. Chassen explicitly directed the Bank to remove Simpson from all banking accounts on August 4th 2023 (Simpson's affiliate even took action against JP Morgan in the JJ Arch Bankruptcy, but it was remanded).  Mr. Chassen admitted under Oath in an Evidentiary Hearing in NYS on March 25th, 2025 that he directed the bank to commence this action against Simpson.  Simpson has been plagued and "blackballed" from speaking with JP Morgan in any context since their horrendous acts of Bank fraud in 2023.  Simpson has multiple mortgages with the Bank, he cannot have dialogue about payments or resolution to potential foreclosures including with his own home(s) as a result.  Simpson was criticized in the NYS Action (main case for Removal) that he didn't provide fiduciary duties as it relates to Books and Records and Accounting but he was impaired from doing so by having no access to the Bank for dialogue as a result of Chassen's very actions.   In addition, there is evidentiary proof that

Chassen directed the Bank, on direction of Oak and it stretched to Simpson personal bank accounts as well.  When Chassen acknowledged his relationship with Oak definitively (under direct testimony) on March 25th, 2025, he further supported the notion that he and Oak act as one entity for pursuing Simpson (and his affiliated entities such as JJ Arch LLC (bankruptcy dismissed improperly), YJ Simco LLC (now under bankruptcy protection) and a named Defendant in the various NYS Actions).   Chassen also acknowledged this theft in his pleading for a Bond on the granting of Preliminary Injunction against him for this acts, in September 2023.  He continues to confirm that he did these acts for good reason as if he has the authority to step above the contracts, the law, etc.  In additional his counsel, Allen Schwartz lied to the Court by saying that Chassen did not work for Oak, on the record in September of 2023.   NYS Court ignores these issues and doesn't consider them when improperly stripping rights, control, and property from Simpson (14th Amendment violations).  It is apparent that Oak used Chassen as a front so that they can try to keep the case in NYS Court.   Given the case law on **_"Fraudulent Joinder",_** this relationship amongst Chassen and Oak feels like it is covered in this concept, and certainly grounds for Federal Removal.   Again, since Chassen was resigned effective August 4th, 2023, he had no standing to pursue Simpson in any context and his entire NYS case pursuits are rendered moot as they are based on gross misrepresentations and perjury.

2. Maliciously navigating the Court System is grounds for Removal.   In late 2023, Oak proclaimed to have no involvement with the NYS action for Removal.   Chassen losses as defendant via a Preliminary Injunction on 10.2.24 and then Oak becomes the Movant and drops their SDNY action (filed first on August 10th, 2023) which they intentionally didn't enact a single motion for 6 months.  Oak immediately starts a new and separate NYS Action against Simpson to demand Declaratory Judgment against him to hold back the filing of the

much needed AREH bankruptcy (it had $25M of payables at the time due to Oak's unwillingness to meet obligated capital calls which also stopped funding from all lenders). Simpson via AREH, removed the action to SDNY.  Judge Carter clearly articulated that he could not hold back any person (or LLC) from pursuing a Chapter filing, in one quick and efficient conference call.  He said that that the Chapter filings merit will be subject to the applicable bankruptcy court.  Carter pushed the parties to settle, all parties agreed, he gave tight time frames to do so.  Oak then immediately withdraws the case.  It is a going theme.  The entire JJ Arch LLC bankruptcy action was filled with countless Motions brought by Oak and Chassen whereby the moment Discovery was granted, they withdrew the actions.  It is abuse of the legal system and harassment against Simpson that carries strict ramifications in the contractual documents (which NYS Court ignores).

    a. During the JJ Arch bankruptcy, there were many misstatements but most notable Chassen committed perjury the Federal Court.  When he made a Motion in March of 2023, requesting the Court to relieve him from the definition of Resignation under JJ Arch, he told the Court that he has not had an income or worked for anyone else but he would like to pursue a new opportunity.   When discovery was granted on this, he withdrew.  What is notable (and new within 30 days) is that Chassen's latest testimony illustrates that he provided improper testimony in the efforts of dismantling a bankruptcy petition, 18 U.S.C § 152 (4).  This is of course is a Federal matter but it also a criminal action that was committed by Chassen.

    b. Most recently, YJ Simco needed to file bankruptcy given what'ss happened to Simpson as a financial guarantor for it's loans.   YJ was named in this very NYS action.  Upon Chapter filing,, Oak and Chassen immediately Amend the case withdraw YJ from the action to avoid the very removal of this case into the YJ

bankruptcy proceeding (less than 30 days). It happens so swiftly, no lawyer for Simpson can keep up each time.

3. There is no statute of limitations for Removal as it relates to fraud and misrepresentation (to a name a few examples herein). The entire NYS action is considered "moot" for the branch of Chassen and Oak vs Simpson. Mr. Schwartz (attorney for Chassen) explicitly denied Chassen's employment with Oak and Affiliates in his on the record testimony to the NYS Court in September of 2023. It is in the record in the transcript. Although, Chassen told the NYS Court, in sworn testimony on March 25th, 2025, that he received compensation from Oak and Affiliates of $50,000 to $75000 during a several month period starting in August of 2023.. He also confirmed that they funded his legal bills in some arrangement (unclear how at this point). This certainly meets the removal threshold of $75,000 and these are facts that are less than 30 days old.

   a. The definition of Resignation within JJ Arch LLC is very clear, whereby it states that a if a Member is not dedicating all of their business time towards the Company (JJ Arch) they are deemed resigned on the date of the occurrence. In evidence, there is a Joint Defense Agreement that names Chassen, Oak and others and it is dated August 4th, 2023. The evidence only has the 1st page, the parties have refused to disclose this document under any Discovery request since 2023. The Joint Defense Agreement also references a Florida entity, Infinity (Chassen's cousin). This was brought to the attention within the JJ Arch Bankruptcy via an Adversary Proceeding. A copy of this collusive group is still held back in almost 2 years. The document will illustrate much of Simpson's allegations of theft, fraud, etc but will also give clarity to any possible jurisdictional Remand potential as it likely has another State involved, Floria, for diversity of jurisdiction.

b.  Chassen acknowledged theft in his own pleading for a bond to the NYS Court on September 2023. The injunction proceeded without bond relief and no further action via appeal. That case would have materially ended if Oak did not join as the Movant.

c.  During the JJ Arch LLC Bankruptcy proceedings, Chassen made a Motion to the SDNY Court requesting relief to find employment "to support his family" in March of 2024. Within his sworn affirmation, he writes the definition of Resignation verbatim and says that he has not worked for anyone else other than JJ Arch LLC during this litigation. That is clearly falsifying testimony to a Federal Court in addition to a NYS Court under his attorney Schwartz who lied on his behalf, just several months before.

d.  Chassen also entered multipe Lis Pendis in NY and Suffolk County to preclude Simpson from selling assets under JJ Arch, which he has contractual authority to do. Chassen already made these moves in Court in another case and that is prohibited. In addition, Chassen breached the JJ Arch Bankruptcy stay by this conduct which occurred during that time.

e.  Without getting in detail (at this time), the elimination of Simpson from AREH and JJ Arch LLC for Oak's benefit, via Chassen was all to defraud over 100 investors. These investors had protections that Simpson put in place in the agreements whereby self dealing could not occur and the various consents provided for "checks and balances". The NYS Court provided Chassen with a non contractual "proxy" for Oak, after it removed JJ Arch LLC from control of AREH. It would seem obvious to just about anyone why a proclaimed thief (per the injunction on October 2nd 2023) could not be established as a party to grant or deny consent for Oak

(notwithstanding NYS Court decided to modify the contract, which is unlawful). The NYS Court doesn't understand why this collusion is problematic, this is the root of the overall litigation and the problem. Oak could not make capital calls (early 2023), required under 7.6.4 of the AREH agreement and therefore defaulted every loan in the portfolio intentionally to "walk away" from loan obligations rather than try to work through their issues as Simpson demanded and noticed them (after Oak proclaimed to be out of cash in early 2023). Simpson refused to stay far away from the devious plan that was cultivating and then they used any possible effort (legal and non) to push him to the sidelines, it has worked. They used Chassen to give away the assets (hundreds of millons), wiping out investors, Simpson has no knowledge of what is happening per NYS Court Orders.

f. Simpson is a guarantor on several loans including a $35M FNMA loan in Birmingham. Alabama. He was notified of issues at the property several times, informed NYS Court as he was precluded from taking action or notice (even though that is unlawful as a guarantor), but he has been summoned to a lender requested conference call planned for March 24th, 2025 (today). The lender suspiciously wonders why Simpson was not informed of the property performance to lowest standard of the FNMA guidelines in recent inspections, in addition to misreporting a property of occupancy 90% but the lender alleges it is only 70%. Simpson will report more after the conference call on the matter, but will of course assist in any way he can.

g. Oak, as temp. Managing Member of AREH filed for a bankruptcy action without Simpson's consent during the JJ Arch Bankruptcy (1580 Nostrand in Brooklyn). They filed it a day after JJ Archj, it was heard under a different Judge (Lane) which makes it

       questionable if they misrepresented on the Bankruptcy application the related party. JJ Arch LLC has interests in 1580 Nostrand and it was part of the estate. It also was a breach of the bankruptcy stay for JJ Arch LLC.

4. Under 28 U.S.C §§ 1441 (b) (2), "Snap Removal" applies, which now applies to New York State. In the more recent SDNY "Gibbons" case, it was decided that process service can effectively surpass the 30 day rule of Removal under the statute. In this case specifically, the original SDNY case (August 10th 2023 with the same allegations in cross complaint as this NYS case), Oak vs. Simpson was never properly Process Served to him. The case was voluntarily dismissed by Oak in February of 2024. They got what they wanted in NYS Court, never served Simpson properly so they "Forum Shopped" and kept their cards in NYS where the extreme bias against Simpson by Judge Joel Cohen worked favorably to them as Movant Plaintiff. There has been proof that they funded $250,000 for legal expense for Chassen since August of 2023. NYS Court doesn't see the relevance....

5. Labor Law issues are a federal matter. Under the AREH agreement, JJ Arch is entitled to a "Guaranteed Payment". The IRS Tax code, section 707 defines that this payment acts as a replacement for wages for salary when a partner works on behalf of a company. The purpose of having it is that the individual will be paid for their time of service in real time, regardless if the company performs, as there are tax consequences if it does not keep up. When the Nov 2023 temporary Order allowed for Oak to become Managing Member of AREH, JJ Arch was entitled to Guaranteed Payments due and owing up until the time it was the Managing Member (in the definition within AREH). Jeffrey Simpson as Managing Member of JJ Arch and AREH, was in place until the end of November, 2023 and didn't take monthly draws as funds were used to pay W2 staff and other business expenses, thinking he can always reconcile later (as he has done in the past). There have been several

pleadings to request these funds (approximately $400,000), Oak said no and the State Court was not interested in dealing with this issue. Simpson made a formalized demand in State Court in November of 2024, the Court literally crossed out the entire Motion for relief including this issue, amongst other things.

    a. The Federal law protects worker's right to compensation. JJ Arch owns a business in Long Island called Rever Motors. Simpson has spent more than 40 hours a week running the operation, and working the business fully during this litigation, effectively full time since January 1, 2024. Simpson is a high performer and would be compensated at the minimum of $500,000 per year, given his experience, in his main career. That business cannot support this but $200,000 per year is appropriate. Simpson has been logging these accumulated costs on the balance sheet but not paying himself via distributions because of the extreme backlash that he faces in NYS if he takes 1 dollar from his own business (back to the 14th Amendment). The criticism, attacks, and harassment Simpson endured in the sole deposition in the case, around this issue, is unconscionable. Simpson acknowledged that his affiliate lent money (interest free) to Rever Motors to cover payroll, and was attacked when he paid himself back small amounts to help pay for his own bills for his family. The State Court attempted to appoint a Receiver (Chassen had no grounds to make such a Motion given his self induced Resignation of August 4th, 2023). Upon entering such an Order, the State Cout suggested that the Receiver (conflicted appointment potentially) could decide if Simpson continues to run another business that he built and works diligently. The Court literally suggested that $25 per hour may be a suitable compensation. It is frankly absurd and degrading to Simpson. He has an engineering degree, 2 masters

      degrees and has embarked upon of $3 billion dollars of business in his career and it is suggested he should operate a start up business (that he curated) and runs and pay himself essentially minimum wage?

    b. The State Court has made it impossible for Simpson to work and make a living and support his family as a result of all of this and that is a Federal concern as well.  The Court also makes it impossible for Simpson to have any funding available to pay legal bills as a result (hence this Pro Se filing).

6. Lawyers working in conflict of interest or participating in a litigation where they have committed perjury are subject to Federal law when they are either a prior or existing government official.

    a. Randy Mastro – King and Spaulding – he was engaged by AREH under Simpson's leadership (2022) to help resolve a property partner dispute surrounding 11 Greene St.  He failed, partially as Chassen wrote an inflammatory text message whereby the AAA Arbitrator decided to award legal fees to the Plaintiff.  Simpson disputed the issues but was sidelined.  In December of 2024, Oak (as temp managing member of AREH) tells Simpson that they are going to use Chassen's consent (per the NYS Order) to give away his and other investors shares in trade of solving this very legal dispute, as an example.  The K&S representation continues and Mastro was involved in prior appointments in government and is currently being considered for future candidacy, in NY.  This conflict is hereby a Federal Issue.  Simpson alerted K&S of the conflict upon the litigation commencement, they continued on the case anyways.

    b. John Leventhal, former NYS Judge participated in the perjury in the early days of the case, alongside Allen Schwartz. This perjury is a federal concern as he is a former judge.

    c. Coincidentally, Leventhal has some affiliation with Schwartz, who at the time was also affiliated with Frank Seddio and Associates, in Brooklyn. The initial case documents illustrate Mr. Schwartz as a partner with Seddio & Associates. Mr. Seddio has recently been accused of failing to "fix" a bad ruling for a NYS defendant, in front of NYS Judge Borrok. Coincidentally, in the midst of the JJ Arch (2024) bankruptcy, Judge Borrok granted a TRO (improper and breach of a bankruptcy "stay"), against Simpson in the affiliated case for Removal. Simpson cannot speak to any malfeasance specifically but it is certainly curious. One has to consider what Schwartz and Seddio may have been considering. The industry knows about the "fixers" that exist but certainly concerning if that is why NYS Court has attacked Simpson so improperly.

7. Theft of intellectual property that crosses state lines is a Federal Matter. When Chassen attempted to steal the company from Simpson, in corroboration with Oak (August 2023), he and others tampered with and removed Simpson from the e mail system (and all other electronic systems including the corp website), downloaded files and committed theft. Ultimately, Simpson was stripped of his e mail access via the NYS Order in November of 2023 for Oak's benefit. However, in the last 30 days, NYS Court just granted access to Simpson's e mails to Oak via a Court Order. Oak houses their staff in Canada, and the intellectual property crosses state lines and is therefore a Federal Matter.

8. Simpson provided reference to Oak's other matters in dispute not related to AREH, in his January 2nd letter to SDNY and NYS. He mentioned the possibly of a RICO action against

Oak as they are potentially acting in bad faith in 2 other current litigations and one of those does include public financial markets trading.   Again, that will be a Federal Matter as it will reach into other countries besides other staties.

For the overwhelming reasons stated in this supplement and the initial Removal pleading on March 20th, 2025, these cases should be moved to the Federal Court immediately before further destruction continues, where immediate and emergency relief will be sought.

                    Respectfully Submitted,

           / s /     Jeffrey Simpson, Pro Se