UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JEFFREY SIMPSON, individually and derivatively, as :
managing member of JJ ARCH LLC, suing derivatively as :
managing member of ARCH REAL ESTATE :
HOLDINGS LLC, and JJ ARCH LLC, :
                                                      :
                    Plaintiff,                        :
                                                      :       Case No.: 1:25-cv-02372 (LTS)
            - against -                               :
                                                      :
JARED CHASSEN, FIRST REPUBLIC BANK                    :
                                                      :
                    Defendants                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                      :

**JARED CHASSEN'S MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW
CAUSE SEEKING AN ORDER REMANDING THIS PROCEEDING, AWARDING
COSTS AND FEES PURSUANT TO 28 U.S.C. § 1447(C) AND THE COURT'S
INHERENT POWERS, AND BARRING ANY FURTHER REMOVAL OF THIS
PROCEEDING ABSENT THE PRIOR PERMISSION OF THIS COURT**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1

FACTUAL BACKGROUND .................................................................................. 3

    A.   The State Court Litigation and Preliminary Injunctions ...................................... 3

    B.   Simpson's Bad-Faith Bankruptcy and Collateral Attacks on the Commercial Division .... 6

    C.   The Post-Bankruptcy Motions for Contempt, Injunctive Relief and Receivership ........... 9

    D.   Simpson's Latest Collateral Attack on the Commercial Division .................................... 13

ARGUMENT ......................................................................................................... 15

    I.    Under 28 U.S.C. §§ 1441(a) and 1446(a), Simpson's removal is improper because only a defendant can remove an action and Simpson is the plaintiff ................................. 16

    II.   Under 28 U.S.C. § 1331, Simpson's removal is improper because there are no federal claims ............................................................................................................. 17

    III.  Under 28 U.S.C. §§ 1446(b)(1) and (2), Simpson's removal is improper because even if Simpson were not a plaintiff, he could only remove within 30 days of receipt of the pleading and with the consent of all defendants .............................................. 19

    IV.  Under 28 U.S.C. § 1446(a), Simpson was required, but failed, to attach the pleadings and orders in the action and to include a short and concise statement of his grounds for removal
……….................................................................................................................. 19

    V.   Under 28 U.S.C. § 1447(c) and the Court's inherent power, the Court should award costs and attorney's fees because this removal was done in bad faith and adversely affected Chassen
………………………………………………………………………………………20

    VI.  The Court should enjoin Simpson from filing any further removal without this Court's prior permission because without such relief Simpson is likely to frivolously remove this action again to delay Commercial Division proceedings and to defy Commercial Division's orders .................................................................................................................. 23

CONCLUSION ....................................................................................................... 24

CERTIFICATION PURSUANT TO LOCAL RULE 7.1 ........................................ 25

# TABLE OF AUTHORITIES

**CASES**

*Deutsche Bank Natl. Trust Co. v Koch*, No. 3:23-cv-1022 (JAM), 2023 US Dist LEXIS 185162 (D. Conn. Oct. 16, 2023)
.................................................................................................................... 22, 23

*Behrens v JPMorgan Chase Bank, N.A.*, 96 F.4th 202 (2d Cir 2024)
.......................................................................................................................... 15

*Ben. Natl. Bank v Anderson*, 539 U.S. 1, 6 (2003)
.......................................................................................................................... 17

*Bey v Brann*, No. 23-CV-7247 (LTS), 2023 U.S. Dist. LEXIS 143934 (S.D.N.Y. Aug. 17, 2023)
.......................................................................................................................... 16

*Boivin v Town of Addison*, No. 2:08-CV-66, 2008 U.S. Dist. LEXIS 53777 (D. Vt. July 15, 2008)
.......................................................................................................................... 16

*Broad Coverage Serv. v Oriska Ins. Co.*, No. 20-CV-11108 (PMH), 2021 U.S. Dist. LEXIS 4900 (S.D.N.Y. Jan. 11, 2021)
.......................................................................................................................... 16

*Burchette v Gladsten*, No. 24-CV-4901 (LTS), 2024 U.S. Dist. LEXIS 159051 (S.D.N.Y. Aug. 26, 2024)
.......................................................................................................................... 16

*Cabrera v Lagerstrom*, No. 23-CV-7852 (LTS), 2023 U.S. Dist. LEXIS 160091 (S.D.N.Y. Sep. 11, 2023)
.......................................................................................................................... 18

*Calabro v Aniqa Halal Live Poultry Corp.*, 650 F.3d 163 (2d Cir. 2011)
.......................................................................................................................... 20

*Citibank, N.A. v Swiatkoski*, 395 F. Supp. 2d 5 (E.D.N.Y. 2005)
.......................................................................................................................... 18

*Coditron Corp. v AFA Protective Sys.*, 392 F. Supp. 158 (S.D.N.Y. 1975)
.......................................................................................................................... 16

*Diallo v Puerta*, No. 23-CV-9452 (PKC) (MMH), 2024 U.S. Dist. LEXIS 26847 (E.D.N.Y. Feb. 15, 2024)
.......................................................................................................................... 19

*Disability Advocates, Inc. v. N.Y. Coal for Quality Assisted Living, Inc.*, 675 F.3d 149, 160 (2d Cir. 2012)
.......................................................................................................................... 18

*Forde v Hornblower NY, LLC*, 243 F. Supp. 3d 461 (S.D.N.Y. 2017)
.......................................................................................................................... 18

*In re JJ Arch LLC*, 663 B.R. 258 (Bankr. S.D.N.Y. 2024)
.......................................................................................................................... 8

*In re JJ Arch LLC*, Nos. 24-10381 (JPM), 24-1335 (JPM), 2024 Bankr. LEXIS 1347 (Bankr. S.D.N.Y. June 10, 2024)
.......................................................................................................................... 8, 17

*Montefiore Med. Ctr. v Teamsters Local 272*, 642 F.3d 321 (2d Cir. 2011)

.............................................................................................................. 15

*Nat'l Acad. of TV Arts & Scis., Inc. v. Goodman*, 2023 U.S. App. LEXIS 14764 (2d Cir. 2023)
.............................................................................................................. 22

*Newco Family LLC v Haider*, No. 23-CV-8921 (LTS), 2023 U.S. Dist. LEXIS 188071 (S.D.N.Y. Oct. 18, 2023)
.............................................................................................................. 18

*NY State Nassau Supreme Ct. v Powell*, No. 18-CV-4079(JFB)(AYS), 2018 U.S. Dist. LEXIS 230850 (E.D.N.Y. Aug. 8, 2018)
.............................................................................................................. 19

*Ransmeier v. Mariani*, 718 F.3d 64 (2d Cir. 2013)
.............................................................................................................. 20

*Rosendale v Rosendale*, No. 89 Civ. 7881(PNL), 1990 U.S. Dist. LEXIS 8703 (S.D.N.Y. July 13, 1990)
.............................................................................................................. 18

*Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124 (2d Cir. 2023)
.............................................................................................................. 20

*Somlyo v J. Lu-Rob Enters., Inc.*, 932 F.2d 1043 (2d Cir. 1991)
.............................................................................................................. 15

*Taylor v Medtronic, Inc.*, 15 F.4th 148 (2d Cir. 2021)
.............................................................................................................. 19

*Tisdale v A.G. Edwards & Sons (In re NASDAQ Mkt.-Makers Antitrust Litig.*, 929 F. Supp. 174 (S.D.N.Y. 1996)
.............................................................................................................. 15

*Town of Newburgh v Newburgh Eom LLC*, No. 24-CV-5059 (CS), 2025 U.S. Dist. LEXIS 61516 (S.D.N.Y. Mar. 27, 2025)
.............................................................................................................. 2

*Travelers Ins. Co. v Carpenter*, 411 F.3d 323 (2d Cir. 2005)
.............................................................................................................. 15

*United States Bank Trust, N.A. v Walbert*, No. 3:17-cv-00991 (CSH), 2017 U.S. Dist. LEXIS 132576 (D. Conn. Aug. 18, 2017)
.............................................................................................................. 20

*Vaden v Discover Bank*, 556 U.S. 49 (2009)
.............................................................................................................. 17

*Windward Bora LLC v Lungen*, 2023 U.S. Dist. LEXIS 153609, (S.D.N.Y. Aug. 29, 2023)
.............................................................................................................. 2

*Yonkers Racing Corp. v Yonkers*, 858 F.2d 855 (2d Cir. 1988)
.............................................................................................................. 16

*Yun Fei Xiao v City of NY*, 2010 U.S. Dist. LEXIS 6181 (S.D.N.Y. Jan. 25, 2010)
.............................................................................................................. 16

**STATUTES**

28 U.S.C. § 1331
.............................................................................................................. 16, 17

28 U.S.C. § 1332
.............................................................................................................. 16

28 U.S.C. § 1446(a)
.............................................................................................................. 16, 19

28 U.S.C. § 1446(b)(1)
.................................................................................................................... 18

28 U.S.C. § 1446(b)(2)(A)
.................................................................................................................... 18

28 U.S.C. § 1447(c)
.................................................................................................................... 19

28 U.S.C. §§ 1441(a)
.................................................................................................................... 16

**TREATISES**

14C C. Wright, A. Miller, E. Cooper & J. Steinman, Fed. Prac. & Proc. § 3730 (4th ed.)
.................................................................................................................... 16

## INTRODUCTION

Expedited consideration of this remand motion is critical because Plaintiff Jeffrey Simpson is using this bad-faith removal, and the state of limbo of this action, as a vehicle to prevent a newly appointed temporary receiver from effectuating his duties, duties that are urgent. While removing this action, Simpson wrote the New York Supreme Court, Commercial Division (the Honorable Justice Joel M. Cohen), who appointed the receiver after a two-day evidentiary hearing, to openly inform the Commercial Division via the NYSCEF e-file system that he had expelled the receiver from a business the Commercial Division had just put into receivership. Schwartz Decl., Ex. 2, March 24, 2025 Letter from Simpson to Commercial Division, also available at [NYSCEF No. 1406](.).[1] The ongoing delay in the receiver being able to take control of these assets means further irreparable injury to Defendant Jared Chassen, with all the properties in receivership in foreclosure, and Chassen, not only an owner, but a named guarantor defendant.

Besides being a bad-faith vehicle to avoid the receivership and a means to openly defy the Commercial Division's order—which expressly directed him not to interfere with the receiver—Simpson's removal of his own 2023 action against Chassen runs afoul of practically every procedural and substantive rule governing removal and federal subject matter jurisdiction. First,

---

[1] The "Schwartz Decl." refers to the Declaration of Allen Schwartz, Esq. submitted herewith. "NYSCEF" refers to the New York State Courts Electronic Filing system, and citations to NYSCEF refer to specific filings in the action captioned *Simpson et. al. v. Chassen et. al.*, Index No. 158055/2023 (N.Y. Co.). Due to the voluminous papers involved in the removed action, in lieu of being physically attached as exhibits, many of the documents from the action are cited to the NYSCEF record with hyperlinks. "[T]he Court may take judicial notice of documents filed on this system as they are part of the public record." *Windward Bora LLC v Lungen*, 2023 U.S. Dist. LEXIS 153609, at *2, n 2 (S.D.N.Y. Aug. 29, 2023); *Town of Newburgh v Newburgh Eom LLC*, No. 24-CV-5059 (CS), 2025 U.S. Dist. LEXIS 61516, at *5, n 5 (S.D.N.Y. Mar. 27, 2025) ("[T]he Court takes judicial notice of the docket entries filed in the state court from which Ramada removed this case.") (citation omitted).

the removal statute is reserved for defendants, but Simpson is the plaintiff. Second, none of the claims asserted in this case are federal claims. Third, Simpson's removal of this 2023 action, even if he were not the plaintiff, is untimely. Fourth, even if he were not the plaintiff, Simpson did not obtain the consent of any other defendants. Finally, Simpson did not comply with any of the other procedural requirements for removal, failing to file a short concise statement of jurisdiction or to attach the pleadings and orders in the action.

In addition to remanding this proceeding, the Court should impose costs and sanctions against Simpson for this bad-faith removal—including an injunction on further removals without this Court's prior permission. Simpson's removal was not the innocent mistake of an unaware *pro se* plaintiff. Rather, it was expressly intended to stymie and interfere with the urgent work of the temporary receiver over the assets controlled by JJ Arch LLC (the entity owned by Simpson and Chassen) and to avoid a contempt hearing to answer for his longstanding disobedience of the Commercial Division that was just days away. Far from being unaware that his removal was frivolous, Simpson and JJ Arch are represented by counsel in the Commercial Division, Robert Lorenc, Esq., who tellingly did not sign or file this frivolous notice of removal himself. This same counsel previously sought to withdraw from the representation in February 2025 because Simpson directed him to take actions that did not comply with the Commercial Division's orders. NYSCEF No. 1093, Lorenc Affirm. at ¶ 23.

No one-off, Simpson has a lengthy history of collateral attacks on, and defiance of, the Commercial Division—including an adjudicated bad faith bankruptcy and removal of this action last year to avoid state court orders and proceedings. Simpson's bad faith is also evident from other correspondence he filed on NYSCEF to the Commercial Division in connection with this bad-faith removal, and a March 28, 2025 email he sent to Chassen and the principal of the lender to two of

the entities now under the receivership in which he directs the lender not to give the receiver a payoff statement and impugns Justice Cohen and the receiver, asserting that both are "on the take." Schwartz Decl., Ex. 3, Mar. 28, 2025 Email. Simpson's recent correspondence evidence not only his contempt of the Commercial Division, but the bad-faith, vexatious intent of this removal. In addition to a prompt remand, sanctions—including an injunction on further removals without this Court's prior permission—are necessary here to protect the courts, the litigants, and the integrity of the judicial system.

<u>**FACTUAL BACKGROUND**</u>

**A.  The State Court Litigation and Preliminary Injunctions**

This removed state court litigation centers around longstanding state law disputes between Simpson and Chassen, the two members of JJ Arch, as well as between Simpson and 608941 NJ Inc. ("Oak"), the investor member in Arch Real Estate Holdings, LLC ("AREH"). Simpson and Chassen formed JJ Arch in 2017 primarily to act as AREH's managing member, which was to manage a substantial real estate portfolio, with Oak acting as the investor member and providing the bulk of the capital. NYSCEF No. 721, JJ Arch LLC Operating Agreement; NYSCEF No. 722, Amended JJ Arch LLC Operating Agreement; NYSCEF No. 720, AREH Operating Agreement.

In or about 2022, Chassen and Simpson purchased a handful of properties together which they owned and managed directly through JJ Arch, independent of AREH, as sole member of 1640 Montauk LLC, 1640 Motors LLC, JJ NY 550 LLC, and 225 HPR LLC. Schwartz Decl, ¶ 9. In 2022, JJ Arch, with outside investors, also formed three entities, 146 E 89 Borrower 1 LLC, 146 E 89 Borrower 2 LLC, and 146 E 89 Borrower 3 LLC, to purchase a real property in Manhattan through a tenant in common structure, with JJ Arch acting as the managing member of each entity. *Id.*

The lawsuit itself began in August 2023, after Simpson and Chassen each attempted to terminate each other as members under the resignation provision of the JJ Arch Operating Agreement. *Id.* at ¶ 9. Simpson started this action on August 15, 2023, suing Chassen and First Republic Bank, asserting claims for breach of contract, breach of fiduciary duty, conversion, tortious interference, declaratory judgment, and for permanent injunctive relief. *See* ECF 4-5, Summons and Complaint, also available at [NYSCEF No. 1](#).[2] Later, Chassen asserted counterclaims against Simpson for, among other things, breach of fiduciary duty and declaratory relief that Simpson was no longer a member of JJ Arch. *See* ECF 4-6, Second Amended Verified Answer and Counterclaims, also available at [NYSCEF No. 1070](#).[3] Chassen also asserted a single breach of contract claim against an entity owned by Simpson, YJ Simco LLC. *Id.*[4] Chassen asserted only state law claims.

When he started the lawsuit, Simpson filed a motion seeking to be restored to his managerial position at JJ Arch. Schwartz Decl., ¶ 14. In August 2023, the Commercial Division entered an order that restored Simpson to managerial control of JJ Arch, subject to, among other things, Chassen's membership and consent rights to major decisions, defined in the JJ Arch

---

[2] First Republic Bank was subsequently discontinued from the action. [NYSCEF No. 470](#), Notice of Discontinuance.

[3] Chassen was granted leave to amend his answer and counterclaims. [NYSCEF No. 1062](#), Decision and Order.

[4] Chassen voluntarily discontinued any claims against YJ Simco on March 10, 2025 pursuant to CPLR 3217(a), as YJ Simco never answered. [NYSCEF No. 1354](#). YJ Simco filed bankruptcy on March 9, 2025, (*see* [NYSCEF No. 1353](#)), and objected to the discontinuance on the purported basis that the discontinuance violated the automatic stay. This was Simpson's first bad-faith maneuver to stymie the receiver order. The Commercial Division found that the objection was without merit (*see* [NYSCEF No. 1361](#), So-Ordered Letter) for the reasons stated in Chassen's letter in response to the objection. [NYSCEF No. 1358](#), March 11, 2025 Letter to Commercial Division.

Operating Agreement, and directed them to cooperate in good faith with each other in their respective roles. *See* NYSCEF No. 36, Order Regarding Interim Operating Procedures. The Commercial Division also nullified their respective August 2023 terminations of each other. *Id.*

Despite being directed to cooperate in good faith, within days of being restored to managerial control, on September 1, 2023, Simpson attempted to terminate Chassen. Schwartz Dec., ¶ 14. In orders entered in September and November 2023, the Commercial Division restored Chassen and barred either member from terminating the other without prior court permission. NYSCEF No. 86, September 2023 TRO; NYSCEF No. 419, November 2023 Preliminary Injunction.[5] The Commercial Division granted Simpson a preliminary injunction in September 2023 in which it incorporated the August 2023 Interim Order and September 2023 TRO. NYSCEF No. 159, September Preliminary Injunction. The Commercial Division made clear that "unless and until this partnership is broken up, Mr. Chassen is a 49 percent member without managerial control . . . But Mr. Chassen, his contractual rights are to be a 49 percent member with substantial consent rights to important decisions." *See* NYSCEF No. 224, Sept. 29, 2023 Hr. Tr. at 54:5-55:4; *See also* NYSCEF No. 128, Sept. 15, 2023 Hr. Tr.; NYSCEF No. 83, Sept. 11, 2023, Hr. Tr.

On October 17, 2023, Oak, AREH's investor member, filed an emergency application seeking to appoint a temporary receiver over JJ Arch, submitting evidence showing that Simpson had engaged in rampant breaches of fiduciary duty and misappropriation of assets and detailing the dire state affairs at AREH, with numerous loans defaulting because of Simpson's misconduct. NYSCEF Nos. 225-266, 268. Under CPLR 6401, Oak automatically became a party to the action and filed an intervenor complaint against Simpson, JJ Arch, and AREH. *See* Schwartz Decl, Ex.

---

[5] *See also* NYSCEF No. 417, Nov. 20, 2023 Hr. Tr.

15, Oak Intervenor Complaint, also available at [NYSCEF No. 319](#). Oak did not assert any federal claims.[6]

After Simpson furloughed all of AREH's employees, on October 31, 2023 Oak terminated JJ Arch as managing member of AREH pursuant to the resignation provision of the AREH Operating Agreement and sought to enforce the termination. [NYSCEF Nos. 296-318](#), Oak Preliminary Injunction Motion. On November 22, 2023, the Commercial Division granted an amended preliminary injunction enforcing Oak's termination of Simpson and JJ Arch as managing member during the pendency of the suit. [NYSCEF No. 418](#), Preliminary Injunction.[7] The order enjoined Simpson and JJ Arch from acting as managing member of AREH, with Oak acting as managing member instead, and enjoined Simpson from denying "prompt consent" on behalf of JJ Arch to major decisions proposed by Oak as the managing member of AREH "unless both JJ Arch members (Jeffrey Simpson and Jared Chassen) jointly agree to deny such consent (or alternatively, either JJ Arch member may convey consent) . . ." *Id.*

### B. Simpson's Bad-Faith Bankruptcy and Collateral Attacks on the Commercial Division

In late January 2024, Chassen moved for the appointment of a temporary receiver over JJ Arch and other interim relief, including to compel Simpson to comply with his obligations to give Chassen account viewing access as provided by the Commercial Division's earlier orders. [NYSCEF Nos. 485-520,](#) Chassen Jan. 2024 Receiver Motion. On February 6, 2024, the Commercial Division entered an order which required Simpson to immediately ensure that

---

[6] Simpson and JJ Arch in turn answered and asserted counterclaims against Oak. [NYSCEF No. 471](#), Simpson's Answer with Counterclaims against Oak; [NYSCEF No. 483](#), JJ Arch's Answer with Counterclaims against Oak. These counterclaims similarly asserted only state law claims.

[7] The hearing transcripts for this motion are available at [NYSCEF Nos. 374](#) and [417](#).

Chassen have viewing access and other information and set the receiver motion for an evidentiary hearing in June 2024. *See* NYSCEF No. 604, TRO. At around the same time, Simpson moved for an order vacating the preliminary injunction removing JJ Arch as managing member of AREH. In his motion, Simpson also sought to remove Chassen as a member of JJ Arch. NYSCEF Nos. 521-557, Simpson Jan. 2024 Motion. The Commercial Division denied the portion of the motion seeking to vacate the preliminary injunction removing JJ Arch as managing member of AREH and set the remainder of the motion for the same evidentiary hearing in June 2024. *See* NYSCEF No. 605, Order to Show Cause.[8]

After receiving an adverse ruling on his motion to vacate JJ Arch's removal as managing member of AREH, on February 12, 2024 Simpson sent an email to the Deputy Chief Administrative Judge of the New York City Courts attacking the Commercial Division. NYSCEF No. 729, Simpson Letter to Honorable Deborah Kaplan; NYSCEF No. 730, Special Counsel's Response. On February 21, 2024, Simpson then filed an emergency application to the Appellate Division, First Department seeking an immediate stay of that part of the injunction that allowed Chassen to consent on behalf of JJ Arch to Major Decisions made by AREH, which was denied and referred to a panel. *See* Appeal No. 2024-01021.

In the intervening period, Simpson did not comply with the Commercial Division's order that he provide Chassen with books and records and account viewing access, which prompted Chassen to send a letter to Simpson on March 5, 2024 warning him that he would seek to hold Simpson in contempt. NYSCEF No. 752, Mar. 5, 2024 Email to Simpson's Counsel. On March 6, 2024, the day before he contemptuously put JJ Arch into bankruptcy, Simpson wrote Kevin Weiner, an Oak principal the following email showing his intent to forum shop:

---

[8] The hearing transcript for the January 2024 motions is available at NYSCEF No. 603.

YOU DON'T KNOW ANYTHING, GO BACK TO CANADA AS YOU ARE PLANNING TO DO ANYWAY AFTER YOU ARE FINISHED RUINING THE BUSINESS THAT I BUILT. THE GROWN UPS WILL HANDLE IT. YOU WILL NEVER BE ALLOWED BACK IN THE US WHEN WE ARE DONE WITH THIS NONSENSE. DON'T SEND ME ANYTHING MORE, YOU WILL BE PROVEN GUILTY ON ALL RESPECTS – GOOD THAT YOU DUPED ONE JUDGE, YOU WON'T DUPE OTHERS. WHAT HAPPENED WITH CARTER? YOU DIDN'T LIKE WHAT HE SAID SO YOU WITHDREW? LIKE A COWARD THAT YOU ARE. THIS ISNT A VIDEO GAME KEVIN.

NYSCEF No. 731, Email from Simpson to Kevin Wiener (emphasis in original).

On March 7, 2024, Simpson filed a Petition for Chapter 11 Bankruptcy on behalf of JJ Arch as the purported "sole member" of JJ Arch (the "Petition"). NYSCEF No. 732, Petition. Even though the court had enjoined his purported August 5, 2023 termination email to Chassen, in his List of Equity Security Holders attached to the Petition Simpson swore that he was the sole member of JJ Arch, saying that:

Jared Chassen of 55 Manor Pond Lane, Irvington, NY 10533, previously owned a 49% percent membership interest in the Debtor JJ Arch LLC . . . Mr. Chassen was deemed to have resigned as a member of JJ Arch as of August 5, 2023, pursuant to the definition of 'Resignation' as set forth in the Limited Liability Company Agreement of JJ Arch LLC, dated December 11, 2017, as amended and restated on May 21, 2021 . . . and Section 7.5 of the Operating Agreement.

*Id.* at n. 1.

Three days later, on March 10, 2024, Chassen filed a letter to the Commercial Division seeking a pre-motion conference to seek to hold Simpson in criminal contempt for filing bankruptcy as purported sole member and without Chassen's consent. NYSCEF No. 630, Letter to Commercial Division. On March 11, 2024, the Commercial Division issued a notice which stated in part that "counsel is free to proceed with the proposed motion by order to show cause." NYSCEF No. 632, Court Notice. Simpson then removed the action to the Bankruptcy Court for the Southern District of New York on April 1, 2024. NYSCEF No. 635, Notice of Removal. The Bankruptcy Court (Mastando, J.), after an extensive review and recitation of the record, including

the pleadings, orders, and hearing transcripts, found that Simpson's removal was an act of forum shopping. *See In re JJ Arch LLC*, Nos. 24-10381 (JPM), 24-1335 (JPM), 2024 Bankr. LEXIS 1347, at \*33-47 (Bankr. S.D.N.Y. June 10, 2024).

Later, on October 11, 2024, the Bankruptcy Court dismissed the JJ Arch bankruptcy case entirely because of, inter alia, Simpson's bad faith in filing it and his subsequent gross mismanagement of the bankruptcy estate. *In re JJ Arch LLC*, 663 B.R. 258, 275-290 (Bankr. S.D.N.Y. 2024). The Bankruptcy Court found that the filing was done in subjective and objective bad faith, and was "an attempt by Mr. Simpson to avoid the resolution of the governance issues raised in the State Court Proceeding—a proceeding initiated by Mr. Simpson." *Id.* at 284. Further, "no reasonable person would have believed reorganization was possible . . ." *Id.* at 285. The Bankruptcy Court also dismissed the bankruptcy case on a finding that there was "gross mismanagement of the estate," which included a failure to preserve estate assets, a failure to adequately report operating activities and comply with his "fiducial obligation" to the Court and the parties, and a failure to adequately explain his insider transactions. *Id.* at 278-280. JJ Arch's "post-petition lack of income and excessive accrual of expenses—[also] indicate that there has been 'gross mismanagement of the estate . . .'" *Id.* at 278 (citations omitted). Simpson incurred hundreds of thousands of dollars of legal fees on behalf of JJ Arch that the Bankruptcy Court found "excessive for a debtor without a stream of revenue" and thereby caused "a substantial or continuing loss to or diminution of the estate . . ." *Id.* at 277 (citations and quotations omitted, cleaned up).

## C. The Post-Bankruptcy Motions for Contempt, Injunctive Relief and Receivership

After the bankruptcy dismissal, on October 28, 2024, Chassen moved for a temporary restraining order and preliminary injunction allowing or enforcing Chassen's removal of Simpson

as a member of JJ Arch, to vacate or modify the Commercial Division's prior orders restoring Simpson to managerial control of JJ Arch, and to hold Simpson in civil and criminal contempt of the Commercial Division's prior orders. NYSCEF Nos. 711-756, Chassen Preliminary Injunction Motion. On November 18, 2024, the Commercial Division signed the Order to Show Cause and entered an order that required Simpson to "immediately provide and continue to provide" account access and JJ Arch's financial information. *See* NYSCEF No. 941, TRO. The Commercial Division did not grant a TRO enforcing or allowing the immediate removal of Simpson as managing member of JJ Arch. *See* NYSCEF No. 934, Decision and Order. On December 16, 2024, Chassen moved for the appointment of a temporary receiver over JJ Arch in the alternative of his request for injunctive relief. NYSCEF Nos. 994-1000, Dec. 2024 Receiver Motion.

On or about December 29, 2024, Simpson wrote the Honorable Lorna G. Schofield, who was then hearing the still-pending appeal of the JJ Arch bankruptcy dismissal, and the Honorable John P. Mastando, III, in which he threatened to remove this case to federal district court telling them that "[m]y instinct is to ***remove*** all of the aforementioned cases to SDNY on the grounds of being deprived of the Constitutional rights contained herein such as: due process and property under Amendment 14, my inabilities to procure counsel under Amendments 5 & 6 and finally my rights to file a bankruptcy (AREH), which was deprived by Judge Cohen improperly (concurrently with Judge Carter agreeing with me)." NYSCEF No. 1029, Letter at ¶ 23 (emphasis in original).

On January 7, 2025, Simpson and JJ Arch, both of whom had been without counsel post-bankruptcy, retained Robert Lorenc, Esq. NYSCEF No. 1038, Notice of Appearance. On January 27, 2025, the Commercial Division issued an order deferring the motion seeking injunctive relief and a contempt order and set the receiver motion for an evidentiary hearing on February 25, 2025.

*See* NYSCEF No. 1064, Order.[9] On February 5, 2025, the Commercial Division entered a Hearing Schedule and Order. *See* NYSCEF No. 1091, Hearing Schedule and Order. The next day, Mr. Lorenc filed an emergency order to show cause seeking to be relieved as counsel and sought a 60-day stay. NYSCEF Nos. 1092-1096, Lorenc Withdrawal Motion. In his application to be relieved, Mr. Lorenc testified that "Mr. Simpson insisted that I take a course of action that I knew would not only not be successful to achieve the desired result, but, which was contrary to the prior order of this Court." NYSCEF No. 1093, Lorenc Affirm. at ¶ 23.[10]

On February 9, 2025, Simpson sent an email directly to Justice Cohen in which he asserted that this:

> is a court of non-competent jurisdiction, who has been biased since the first day and has made rulings that are not at all practical or thoughtful or considerate to anything or anyone here especially when you can't even remember what it is you offered in a prior order or transcript. So you may not like my tone and you may criticize me and tell me that I'm not being proper but again if someone took from you what's been taken for me I would love to see what your tone will be like . . . All right reserved and yes I am copying every possible avenue of the NY court system that I know because there's no justice here. I will forward along later to the Southern District and make sure that all the judges who have touched this case have also seen what's going on here because it is not lawful.

Schwartz Decl. Ex. 6, Simpson Feb. 9, 2025 Email to Justice Cohen, *also available at* NYSCEF No. 1132.

On February 10, 2025, the Commercial Division denied the interim stay request in connection with Mr. Lorenc's motion to withdraw. Schwartz Decl., Ex. 7, Order to Show Cause.

---

[9] This order memorialized the Court's directive at a January 14, 2025 hearing available at NYSCEF No. 1067 that the receiver motion would be addressed first.

[10] Other counselors have withdrawn from their representations because Simpson insisted that they take frivolous legal actions. *See* NYSCEF No. 744, Wiggin & Dana LLP Motion to Withdraw (withdrawing, inter alia, pursuant to Rule 1.16(c)(6) of the New York Rules of Professional Responsibility); NYSCEF No. 702, Davidoff Hutcher & Citron LLP Motion to Withdraw (same).

Mr. Lorenc requested an *ex parte* conference with Justice Cohen, which was held with him and Simpson on February 11, 2025, on the record and on the consent of the other parties. The Court Notices are available at NYSCEF No. 1135 and 1142.

Simpson then sat for a deposition on February 13, 2025, during which he lobbed abuse at counsel: "You're scum. Yeah, scum lying garbage you are. Keep going. Keep going. You lied to the Court literally. Keeping lying. Keep going . . . I can't believe the bar gives you a license." NYSCEF No. 1374, Simpson Dep. Tr. at 115:17-25. Simpson called counsel a "disgusting lawyer," *id.* at 322:20-10, and told him that "I think you're a lying, cheating thief." *Id.* at 280:5-12. Mr. Simpson also called counsel a "disgusting pig," and said ominously "You've lied to the Court every single time. Go ahead. That's okay. We'll have an investigation of you of a different kind." *Id.* at 183:3-24.

On February 19, 2025, the Commercial Division denied Mr. Lorenc's motion to withdraw as counsel without prejudice to refile after the hearing on the motion for the appointment of a temporary receiver. Schwartz Decl., Ex. 8, Decision and Order, also available at NYSCEF No. 1167.

The Commercial Division held a two-day evidentiary hearing on February 25, 2025 and February 28, 2025, and heard oral argument on March 5, 2025. NYSCEF No. 1346, Feb. 25, 2025 Hr. Tr.; NYSCEF No. 1371, Feb. 28, 2025 Hr. Tr.; Schwartz Decl., Ex. 10, March 5, 2025 Hr. Tr.[11] At the hearing, Chassen established, among other things, that since Simpson was restored to managerial control in August 2023, the properties owned and managed by JJ Arch defaulted on their mortgages and entered foreclosure. NYSCEF No. 1347, Post-Hearing Letter to Court at 1.

_____

[11] The submissions in connection with the evidentiary hearing, including the direct testimony affidavits and exhibits, are available on the NYSCEF docket hyperlinked here.

Each earned minimal or no revenue for a least a year and most were left vacant. NYSCEF No. 1374, Simpson Dep. Tr. at 82:4-83-10, 84:23-87-8, 92:18-94:2, 99:12-19, 100:14-23. Most, if not all, of the properties were left uninsured. NYSCEF No. 1275, Chassen Affirm. ¶¶ 35, 42, 56. Tax returns remained unfiled since 2022. NYSCEF No. 1374, Simpson Dep. Tr. at 102:4-103:18. Chassen also established that Simpson had diverted funds from these entities. NYSCEF No. 1347, Post-Hearing Letter at 2.

On March 8, 2025, the Commercial Division granted Chassen's motion to appoint a temporary receiver and entered an order appointing Eric Huebscher as the receiver on March 11, 2025. Schwartz Decl., Ex. 9, Decision and Order, also available at NYSCEF No. 1352; Ex. 1, Order Appointing Temporary Receiver, also available at NYSCEF No. 1360.

On March 13, 2025, the Commercial Division entered an order allowing further briefing on the pending contempt motion and then scheduled the contempt hearing for March 27, 2025. Schwartz Decl., ¶ 36.

**D. Simpson's Latest Collateral Attack on the Commercial Division**

On March 19, 2025, at 9:05 p.m., Chassen filed supplemental papers in support of the contempt motion in which he made clear that he continued to seek to hold Simpson in both civil and criminal contempt of the Commercial Division's prior orders. NYSCEF Nos. 1372-1379, Supplemental Submission. At 11:20 p.m. on March 19, 2025, Simpson then e-filed on NYSCEF a purported notice of removal that was post-dated to March 20, 2025, in which he stated that he had removed this case, and two other pending cases before Justice Cohen, to federal court. NYSCEF No. 1380-1382, Notice of Removal. At 3:53 a.m. and 5:39 a.m. on March 20, 2025, Simpson then sent *ex parte* emails to Justice Cohen and other federal judges stating that he was removing the cases to federal court. Schwartz Decl., Ex. 11, *Ex-Parte* Emails, also available at NYSCEF No.

1383-1. The Commercial Division posted these emails on NYSCEF and invited the parties to file letters indicating their position on the legal effect of Simpson's *ex parte* emails and post-dated notice of removal. NYSCEF No. 1383, Court Notice. Simpson responded by letter on NYSCEF that he was "dumbfounded" by this, and told the Court that "you will learn, I am and was a very effective leader by making informed and educated decisions and moving forward. This is not a 'free for all', it is my business that you invaded in ways that are unconscionable." Schwartz Decl., Ex. 12, Simpson March 20, 2025 Letter to Court, also available at NYSCEF No. 1384.

Next, Simpson filed an email to NYSCEF that he had sent to Judge Koeltl at 1:39 p.m. on March 20, 2025 in which he said "We have told the NYS judge that he is biased on numerous occasions . . . [m]y instinct is that he will not 'surrender' to my Removal action until he is Ordered to do so." *See* Schwartz Decl., Ex. 13, Simpson Email to Judge Koeltl, also available at NYSCEF No. 1387. Later that day, he again wrote the Commercial Division on NYSCEF telling Justice Cohen "It is that you are simply fearful for your wrongdoings and bias nature of your role on the bench that you cannot help yourself but attack the most successful guy in the room (before you have attempted to ruin my life by bad orders, bias commentary and simply swallowing your own words from one hearing to another) . . . I will not be communicating with this Court again unless I am told otherwise by a higher power in the Federal Court." Schwartz Decl., Ex. 14, March 20, 2025 Letter to Court, also available at NYSCEF No. 1389.

On March 24, 2025, Simpson filed on NYSCEF a letter addressed to the "NYS Court," in which he told the Court that he had called the police on the receiver after the receiver entered the business owned by 1640 Motors LLC and 1640 Montauk LLC—entities in receivership—and prevented the receiver from fulfilling his duties despite the Commercial Division's order that he

could not interfere with the receiver's exercise of his duties. Schwartz Decl., Ex. 2, March 24, 2025 Letter to Court, also available at NYSCEF No. 1406.

On March 24, 2025, Simpson filed evidence that he had effectuated the removal to this Court by filing screenshots of the ECF docket, and that day the Commercial Division issued a notice stating that:

> The Court has now been presented with evidence that an action and a notice of removal of this action have been filed in federal court, meaning that unless or until the federal court issues an order remanding the case, this Court will proceed no further. Thus, the hearing scheduled for March 27, 2025, is canceled. All orders of this Court entered prior to removal, including the appointment of a receiver, remain in effect subject to any contrary orders made in the federal action.

NYSCEF No. 1409, Court Notice.

On March 29, 2025, Simpson directed a lender of the entities subject to the receivership not to give a payoff statement to the receiver, claiming that the receiver had no authority because of this removal. Schwartz Decl., Ex. 3, March 29, 2025 Email. In this email, Simpson also impugned the Commercial Division, telling the lender that Justice Cohen and the receiver were "on the take." *Id.*

## ARGUMENT

On a remand motion, the removing party—not the movant—bears the burden to show that removal is proper and that the Court has subject matter jurisdiction over the action. *Montefiore Med. Ctr. v Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011). Further, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-1046 (2d Cir. 1991) (citations omitted). This is because "federal courts are courts of limited jurisdiction and . . . removal of a case implicates significant federalism concerns." *Tisdale v A.G. Edwards & Sons (In re NASDAQ Mkt.-Makers Antitrust Litig.*, 929 F Supp. 174, 178 (S.D.N.Y. 1996).

Federal courts have a duty to "ensure that they do not lack subject-matter jurisdiction, even if the parties fail to identify any jurisdictional defect . . ." *Behrens v JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 206-207 (2d Cir. 2024) (emphasis removed); *Travelers Ins. Co. v Carpenter*, 411 F.3d 323, 328 (2d Cir. 2005) ("[W]here jurisdiction is questionable we are obliged to examine the question *sua sponte*.").

In his notice of removal, Simpson predicated this removal on 28 U.S.C. §§ 1331, 1441, and 1446, (ECF 1, 3, 7), but failed to attach a copy of any of the pleadings.[12]

## I. Under 28 U.S.C. §§ 1441(a) and 1446(a), Simpson's removal is improper because only a defendant can remove an action and Simpson is the plaintiff

Under 28 U.S.C. §§ 1441(a) and 1446(a) "only a defendant can remove an action to federal court." *Burchette v Gladsten*, No. 24-CV-4901 (LTS), 2024 U.S. Dist. LEXIS 159051, at *3 (S.D.N.Y. Aug. 26, 2024) (citing 28 U.S.C. §§ 1441(a) and 1446(a)).[13] "Quite simply, a party who is in the position of a plaintiff cannot remove." *Yonkers Racing Corp. v Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988). This is so "even when they are in the position of defendants with regard to a counterclaim asserted against them." *Yun Fei Xiao v City of NY*, 2010 U.S. Dist. LEXIS 6181, at *2 (S.D.N.Y. Jan. 25, 2010) (citing 14C C. Wright, A. Miller, E. Cooper & J. Steinman, Fed. Prac. & Proc. § 3730 (4th ed.).[14] In fact, even "parties brought into the lawsuit for the first time by the

---

[12] Simpson predicates his removal on 28 U.S.C. § 1331, which grants original jurisdiction to district courts of civil actions "arising under the Constitution, laws, or treaties of the United States." Simpson does not assert federal diversity jurisdiction under 28 U.S.C. § 1332.

[13] *See also Bey v Brann*, No. 23-CV-7247 (LTS), 2023 U.S. Dist. LEXIS 143934, at *4 (S.D.N.Y. Aug. 17, 2023) (same). 28 U.S.C. § 1441(a) provides that "the defendant or defendants" may remove a civil action brought in state court for which the district court would have original jurisdiction. 28 U.S.C. § 1446(a) requires that the "defendant or defendants" file a notice of removal.

[14] *See also Coditron Corp. v AFA Protective Sys.*, 392 F. Supp. 158, 161 (S.D.N.Y. 1975); *Boivin v Town of Addison*, No. 2:08-CV-66, 2008 U.S. Dist. LEXIS 53777, at *8 (D. Vt. July 15, 2008);

counterclaim" may not remove. *Home Depot U.S.A., Inc. v Jackson*, 587 U.S. 435, 441 (2019); *Broad Coverage Serv. v Oriska Ins. Co.*, No. 20-CV-11108 (PMH), 2021 U.S. Dist. LEXIS 4900, at *2 (S.D.N.Y. Jan. 11, 2021) (holding that third party defendants may not remove an action).

As the plaintiff—whether he asserted federal claims or had federal claims asserted against him—Simpson cannot remove this action. This fact alone compels remand.

## II.     Under 28 U.S.C. § 1331, Simpson's removal is improper because there are no federal claims

Under 28 U.S.C. § 1331, the basis for Simpson's purported removal, "[t]he district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." *Id.* Under the "well-pleaded complaint" rule "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Ben. Natl. Bank v Anderson*, 539 U.S. 1, 6 (2003). "As a general rule . . . a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id.* Simpson's complaint does not contain any federal claims but only claims for breach of fiduciary duty, breach of contract, and declaratory and injunctive relief. *See* ECF 4-5, Summons and Complaint, also available at NYSCEF No. 1.

And even if Simpson could rely on Chassen's counterclaims or Oak's intervenor claims for federal question jurisdiction, these also assert only routine state law claims. *See* ECF 4-6, Chassen's Second Amended Verified Answer and Counterclaims, also available at NYSCEF No. 1070; *see also* Schwartz Decl., Ex. 15, Oak Intervenor Complaint, also available at NYSCEF No. 319. Ultimately, as the Bankruptcy Court recognized during Simpson's forum shopping effort last year, this action "involves claims that arise under state law and concern issues relating almost

exclusively to the internal composition of the Debtor [JJ Arch] and its foremost subsidiary [AREH].” *In re JJ Arch LLC*, 2024 Bankr. LEXIS 1347, at *22.

And though neither did, even if Chassen or Oak had asserted federal claims, federal jurisdiction still could not rest upon “an actual or anticipated counterclaim.” *Vaden v Discover Bank*, 556 U.S. 49, 60 (2009); *see also Newco Family LLC v Haider*, No. 23-CV-8921 (LTS), 2023 U.S. Dist. LEXIS 188071, at *6 (S.D.N.Y. Oct. 18, 2023). Similarly, an intervenor complaint cannot provide the basis for jurisdiction because “it is well-established in this circuit ‘that if jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of a plaintiff with a sufficient claim.’” *Forde v Hornblower NY, LLC*, 243 F. Supp. 3d 461, 468 (S.D.N.Y. 2017) (quoting *Disability Advocates, Inc. v. N.Y. Coal for Quality Assisted Living, Inc.*, 675 F.3d 149, 160 (2d Cir. 2012)); *see also W. Hartford v Operation Rescue*, 915 F.2d 92, 95 (2d Cir. 1990).

And while Simpson contends that the Commercial Division violated his rights, “a state court’s purported violation of a party’s federal due process rights” does not provide a “basis for removing the state court proceeding to federal district court.” *Cabrera v Lagerstrom*, No. 23-CV-7852 (LTS), 2023 U.S. Dist. LEXIS 160091, at *6 (S.D.N.Y. Sep. 11, 2023) (quoting *Citibank, N.A. v Swiatkoski*, 395 F. Supp. 2d 5, 9 (E.D.N.Y. 2005)). Similarly, Simpson’s claim of “[j]udicial bias is not a basis for removal to federal court.” *Long Point Props., LLC v Chavez*, No. CV 12-1993 PA (JEMx), 2012 U.S. Dist. LEXIS 39371, at *3-4 (C.D. Cal. Mar. 21, 2012). His “remedy for allegations of bias” is not removal, but to seek relief “within the state court system.” *Rosendale v Rosendale*, No. 89 Civ. 7881(PNL), 1990 U.S. Dist. LEXIS 8703, at *4 (S.D.N.Y. July 13, 1990).

The lack of any federal claims in this action deprives the Court of jurisdiction. This compels remand.

### III.     Under 28 U.S.C. §§ 1446(b)(1) and (2), Simpson's removal is improper because even if Simpson were not a plaintiff, he could only remove within 30 days of receipt of the pleading and with the consent of all defendants

Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by the defendant" of the initial pleading or summons, "whichever period is shorter." *Id.* "[N]othing in the statute provides a court with any discretion to allow a party to cure a failure to meet the statute's requirements once the thirty-day period for removal lapses." *Taylor v Medtronic, Inc.*, 15 F.4th 148, 153 (2d Cir. 2021). "And within that thirty-day window, 'all defendants who have been properly joined and served must join in or consent to the removal of the action' the so-called rule of unanimity." *Id.* (quoting 28 U.S.C. § 1446(b)(2)(A)). Even if Simpson was not the plaintiff, he failed to meet the 30-day deadline and did not obtain consent of the defendants, which is also fatal to his removal. *Taylor*, 15 F.4th at 153.

### IV.     Under 28 U.S.C. § 1446(a), Simpson was required, but failed, to attach the pleadings and orders in the action and to include a short and concise statement of his grounds for removal

Under 28 U.S.C. § 1446(a), Simpson was required to file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* Simpson failed to attach any pleadings or orders, which is another defect supporting remand. *Diallo v Puerta*, No. 23-CV-9452 (PKC) (MMH), 2024 U.S. Dist. LEXIS 26847, at *11 (E.D.N.Y. Feb. 15, 2024) (remanding for failure to include the pleadings and orders) (citing cases).

And "[r]ather than file a 'short and plain statement of the ground for removal,' [Simpson] has filed a [multi][]-page, [multi-document] incoherent Notice of Removal." *NY State Nassau Supreme Ct. v Powell*, No. 18-CV-4079(JFB)(AYS), 2018 U.S. Dist. LEXIS 230850, at *3 (E.D.N.Y. Aug. 8, 2018) (remanding where *pro se* party failed to include pleadings and filed a rambling, incoherent statement of the grounds for removal).

These procedural defects likewise compel remand.

## V.    Under 28 U.S.C. § 1447(c) and the Court's inherent power, the Court should award costs and attorney's fees because this removal was done in bad faith and adversely affected Chassen

Pursuant to 28 U.S.C. § 1447(c), the Court may award costs and attorney's fees, "where the removing party lacked an objectively reasonable basis for seeking removal." *Calabro v Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011). This award does not require "a showing of bad faith or frivolity," and but may be awarded merely based upon "the overall nature of the case, circumstances of remand, and effect on the parties." *United States Bank Trust, N.A. v Walbert*, No. 3:17-cv-00991 (CSH), 2017 U.S. Dist. LEXIS 132576, at *13 (D. Conn. Aug. 18, 2017). In addition, courts have "the inherent power to impose sanctions for the bad-faith conduct of litigants—and Rule 11 does not displace that power." *Weiss v Yotta Tech.*, Inc., 2024 U.S. Dist. LEXIS 174052, at *9 (S.D.N.Y. Sep. 25, 2024) (quoting *Chambers v NASCO, Inc.*, 501 U.S. 32, 46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). "A federal court may 'exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023) (quoting *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013)).

Several factors support the imposition of sanctions here despite Simpson's purported *pro se* status. First, Simpson may have filed the removal purportedly *pro se*, but he is represented by

counsel in the Commercial Division. Schwartz Decl., ¶ 33. That counsel, notably, did not file the notice of removal. Indeed, he sought in February 2025 to withdraw as counsel, in part because Simpson had directed him to take actions that did not comply with the Commercial Division's orders. NYSCEF No. 1093, Lorenc Affirm. at ¶ 23. After an *ex parte* conference, the Commercial Division ultimately declined to allow him to withdraw, without prejudice to refile after the hearing on the motion for a receiver. *See* Ex. 8, Decision and Order, also available at NYSCEF No. 1167. Thus, Simpson removed the action despite his counsel's apparent unwillingness to file the removal himself.

Second, the timing of the removal also evidences its bad-faith and supports the imposition of sanctions. Simpson's removal comes on the heels of the Commercial Division's March 11, 2025 order appointing a temporary receiver—after a two-day evidentiary hearing. And he filed the removal right before a March 27, 2025 hearing scheduled on Chassen's motion seeking to hold him in contempt of the Commercial Division's prior orders. Schwartz Decl., ¶¶ 36-37.

Third, Simpson's contemptuous correspondence, e-filed to the Commercial Division on NYSCEF in connection with the removal, also shows his bad-faith intent. In a March 20, 2025 letter he e-filed on NYSCEF to Justice Cohen he says, "It is my business that you have invaded in ways that are unconscionable." Schwartz Decl., Ex. 12, Simpson Mar. 20, 2025 Letter to Court, also available at NYSCEF No. 1384. In another letter that day, he tells him:

> [Y]ou are simply fearful for your wrongdoings and bias nature of your role on the bench that you cannot help yourself but attack the most successful guy in the room (before you have attempted to ruin my life by bad orders, bias commentary and simply swallowing your own words from one hearing to another) . . . I will not be communicating with this Court again unless I am told otherwise by a higher power in the Federal Court.

*See* Schwartz Decl., Ex. 14, Mar. 20, 2025 Letter to Court, also available at NYSCEF No. 1389. And in a March 24, 2025 Letter to Justice Cohen, Simpson informs him that he called the police

that day to stop the receiver from fulfilling the duties set forth by the Commercial Division's receiver order, telling the Commercial Division:

> It is unconscionable that the appointed (without my consent or anything) Receiver, without my approval (manager member and sole owner of JJ Arch, given Chassen's full and final admission to attempting to steal the company on August 4th, 2023 under direct testimony in this Court), and a full Removal to SDNY can show up this way. He knows better, but for some reason, this Court thinks they can keep playing their game and continue to breach its authority.

Schwartz Decl., Ex. 2, Mar. 24, 2025 Letter to Court, also available at NYSCEF No. 1406. Other correspondence in the leadup to the evidentiary hearing was similarly contemptuous. *See e.g,* Schwartz Decl., Ex. 6, Simpson Feb. 9, 2025 Email to Justice Cohen, also available at NYSCEF No. 1132.

Fourth, Simpson's prior history of bad faith supports sanctions. Since the beginning of this action, Simpson has repeatedly disobeyed or collaterally attacked the Commercial Division, this removal being only the latest iteration. *See e.g.*, Schwartz Decl., ¶ 14 (Simpson re-terminating Chassen days after the Court directed good-faith cooperation as a condition of Simpson's preliminary injunction restoring him to managerial control); *id.* at ¶¶ 13, 21 (Simpson filing a unilateral, adjudicated bad faith bankruptcy as sole member despite Court orders); *id* at ¶¶ 22-23 (Simpson removing proceeding in April 2024 after being threatened with contempt motion, a removal the Bankruptcy Court found to be an act of forum shopping).

This record warrants sanctioning Simpson for this removal despite his purported *pro se* status. *See e.g., Deutsche Bank Natl. Trust Co. v Koch*, No. 3:23-cv-1022 (JAM), 2023 U.S. Dist. LEXIS 185162, at *10 (D. Conn. Oct. 16, 2023) (imposing sanctions on pro se party for improper removal).

**VI.    The Court should enjoin Simpson from filing any further removal without this Court's prior permission because without such relief Simpson is likely to frivolously remove this action again to delay Commercial Division proceedings and to defy Commercial Division orders**

"A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process, including an injunction forbidding further litigation." *Nat'l Acad. of TV Arts & Scis., Inc. v. Goodman*, 2023 U.S. App. LEXIS 14764, at *2 (2d Cir. 2023). Courts consider the litigant's history of vexations or harassing litigation, the litigant's motive, the litigant's status as represented by counsel or otherwise, the litigant's imposition of unnecessary costs and burdens on the other parties and the courts, and whether other sanctions would be adequate to protect the court and the parties. *Deutsche Bank Natl. Trust Co,* 2023 U.S. Dist. LEXIS 185162, at *6-7.

These factors support the imposition of an order barring any further removals without the prior permission of this Court. "As to the first factor, [Simpson] has engaged in needlessly duplicative litigation by seeking to remove the state court action" twice. *Id.* at *7. As to the second factor, "his motive is delay for the sake of delay," attempting to forestall court orders and a contempt hearing, without any objectively reasonable basis for removal. *Id.* Third, Simpson filed the frivolous removal *pro se* despite having counsel. "He—rather than counsel—is responsible for his abusive litigation practices and properly bears the burden of sanctions. Even though a court should afford substantial leeway to *pro se* litigants because of their lack of legal learning, it is clear . . . that [Simpson's] litigation tactics are attributable to his desire to delay rather than to any innocent misunderstanding about what the law requires." *Id.* As to the fourth factor, Simpson has interfered with and delayed the state court proceedings, including the work of the temporary receiver and upcoming hearings. Finally, "no other form of sanctions would be as effective to prevent [Simpson] from delaying and disrupting the state court . . . proceedings again. Only by

preventing [Simpson] from abusing the right to remove a state court action can he be stopped from imposing months and months more of wasteful delay." *Id.* at *9.

Ultimately, without such an order, nothing will prevent Simpson from continuing to use the federal courts as a vehicle to collaterally attack the New York State Supreme Court and to ignore its orders.

## **CONCLUSION**

For the forgoing reasons, the Court should grant this motion in its entirety together with such other relief the Court deems just and proper.

Dated: New York, New York
      April 4, 2025

SCHWARTZ LAW PLLC

By:___/s/_____
      Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, New York 10038
Tel: 347-460-5379
allen@allenschwartzlaw.com

*Counsel for Defendant/Counterclaim*
*Plaintiff Jared Chassen*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1</u>

I, Allen Schwartz, Esq., certify that the foregoing Memorandum of Law contains less than 8750 words, as counted by Microsoft Word's word-processing system, excluding the caption, table of contents, table of authorities and signature block, and that it complies with the applicable word limits.

/s/ _____
Allen Schwartz