UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JEFFREY SIMPSON, individually and derivatively, as   :
managing member of JJ ARCH LLC, suing derivatively as :
managing member of ARCH REAL ESTATE         :
HOLDINGS LLC, and JJ ARCH LLC           :    Case No.: 1:25-cv-02372 (LTS)
                                  :
           Plaintiff,          :
                                  :
    - against -         :
                                  :
JARED CHASSEN, FIRST REPUBLIC BANK     :
              Defendants       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## DECLARATION OF ALLEN SCHWARTZ, ESQ. IN SUPPORT OF ORDER TO SHOW CAUSE SEEKING REMAND AND SANCTIONS

ALLEN SCHWARTZ, Esq., an attorney duly admitted to practice law before this Court, declares pursuant to 28 U.S.C. § 1746, as follows:

1. I am counsel to Jared Chassen, the defendant and counterclaim plaintiff in this proceeding.

2. I submit this declaration in support of Chassen's motion seeking an order (1) pursuant to 28 U.S.C. § 1447, remanding this action to the New York County Supreme Court, Commercial Division for lack of federal subject matter jurisdiction and failure to comply with the requirements for removal mandated by 28 U.S.C. § 1446; (2) pursuant to 28 U.S.C. § 1447, and the Court's inherent powers, imposing sanctions, including the imposition of costs and attorney's fees, incurred as a result of this removal; (3) pursuant to the Court's inherent powers, enjoining Simpson from any further removal of this proceeding without the prior permission of this Court; and (4) granting such other and further relief this Court deems just and proper.

3.     I have personal knowledge of the facts detailed herein based on my role as counsel to Chassen in the removed proceedings.

## I.     The Need for Expedited Relief and Compliance with Local Rule 6.1(d) and the Court's Individual Rule 2(b)

4.     As an initial matter, Plaintiff Jeffrey Simpson's removal of this case—his own 2023 New York State Supreme Court, Commercial Division case before the Honorable Justice Joel M. Cohen—is patently frivolous because: (1) the removal statute is reserved for defendants, but Simpson is the plaintiff; (2) none of the claims asserted in this proceeding are federal claims; (3) Simpson's removal of this 2023 action is untimely; (4) even if he were not the plaintiff, Simpson did not obtain the consent of any defendants; and (5) Simpson did not comply with any of the other procedural requirements for removal, failing to file a short concise statement of jurisdiction or to attach the pleadings and orders in the action.

5.     Chassen moves by order to show cause, and not by regular notice of motion, because this relief needs expedited consideration. Simpson is using this removal, and the resulting limbo in these proceedings, to prevent the temporary receiver that the Commercial Division appointed on March 11, 2025 from effectuating his duties. *See* **Ex. 1**, Order Appointing Temporary Receiver, also available at NYSCEF No. 1360.[1] The receiver was ordered to remedy the dire condition Simpson is wreaking on the properties and business controlled by JJ Arch LLC, with all of the properties it controls in foreclosure (and Chassen a full recourse guarantor on three of the four properties), taxes unpaid since 2022, its properties almost uniformly left vacant and uninsured

---

[1] "NYSCEF" refers to the New York State Courts Electronic Filing system, and citations to NYSCEF refer to the filings in the action captioned *Simpson et. al. v. Chassen et. al.*, Index No. 158055/2023 (N.Y. Co.). Due to the voluminous papers involved in the removed action, in lieu of being physically attached as exhibits, many of the documents from the state court action are cited to the NYSCEF record with hyperlinks.

for over a year, while Simpson siphoned money to himself rather than pay the debt servicing, taxes, or insurance. *See* NYSCEF No. 1347**,** Mar. 4, 2025 Post-Hearing Letter.

6. The receiver has informed counsel for Chassen that he supports the expedited consideration of this Order to Show Cause seeking an order remanding this proceeding to the Commercial Division.

7. On March 24, 2025, Simpson filed a letter on NYSCEF addressed to the "NYS Court," in which he informed the Commercial Division that rather than comply with its receiver order, he had called the police on the receiver that day and expelled the receiver from the auto business owned and operated by 1640 Montauk LLC and 1640 Motors LLC—entities that were placed in the receivership. *See* **Ex. 2**, Mar. 24, 2025 Letter to Court, also available at NYSCEF No. 1406. In this letter, Simpson purports to take the position that his removal of this action to federal court allows him to interfere with and expel the receiver. *Id.* The receiver remains unable to take control of the business.

8. There is a grave danger of further waste while the receiver remains unable to take control. Simpson has been siphoning funds from 1640 Motors, an auto business in the receivership, while causing it to default on its lease payments to 1640 Montauk, the JJ Arch entity that owns the real property housing the auto business, to the tune of over $170,000.00 owed in arrears, and with the property owned by 1640 Montauk in foreclosure and Chassen a full recourse guarantor-defendant. *See* NYSCEF No. 1208, YJ Simco Bank Statements (showing net transfers of $74,000 between May 2024 and January 2025 from 1640 Motors to entity he owns and controls); NYSCEF No. 1374, Simpson Dep. Tr. at 91:4-92-7 (admitting to not paying lease for over a year); NYSCEF No. 1272, 1640 Montauk Foreclosure Complaint. Simpson also continues to make unexplained transfers, and in defiance of his obligation to give Chassen account information access, he has

directed 1640 Motors's bank not to disclose the recipients of his recent wire transfers even after the receiver order was issued. *See* NYSCEF No. 1377, Mar. 13, 2025 Email from Simpson to Citizens Bank.

9.      On March 29, 2025, Simpson further interfered with the receiver and prevented him from performing his duties by directing a lender of the entities subject to the receivership not to give a payoff statement to the receiver, claiming that the receiver had no authority because of this removal. *See* **Ex. 3**, Mar. 29, 2025 Email. In this email, Simpson also told the lender that Justice Cohen and the receiver were "on the take." *Id.*

10.      Simpson is using this removal to stymie the receiver from effectuating his duties, and to defy the Commercial Division's orders, making it necessary to move by order to show cause. Chassen respectfully submits that there is "good and sufficient reason why a procedure other than by notice of motion is necessary" here. *See* S.D.N.Y. Local Rule 6.1(d). No prior application, other than a letter requesting a conference, (ECF 4) has been made for this relief to this or any other Court. Pursuant to this Court's rules, Simpson and his counsel were given advance notice of this motion by letter, (*see* **Ex. 4**, Mar. 28, 2025 Letter from Allen Schwartz, Esq. to Robert Lorenc, Esq. and Jeffrey Simpson), and expressly declined to participate in a telephone call in advance of this motion. *See* **Ex. 5**, Mar. 28, 2025 Email from Jeffrey Simpson to Allen Schwartz, Esq. The undersigned hereby certifies that he has used his best efforts to resolve informally the matters raised in this order to show cause, which efforts were unsuccessful.

## II.      The Removed Litigation

11.      This removed state court litigation centers around longstanding state law disputes between Simpson and Chassen, the two members of JJ Arch, as well as between Simpson and

608941 NJ Inc. ("Oak"), the investor member in Arch Real Estate Holdings, LLC ("AREH").[2]

Simpson and Chassen formed JJ Arch in 2017 primarily to act as AREH's managing member,

which was to manage a real estate portfolio, with Oak acting as the investor member, and providing

the bulk of the capital.[3]

---

[2] In addition to removing this 2023 action in which he is the plaintiff, Simpson has removed two 2024 actions in which he is a defendant. Simpson removed the action captioned *Great American Insurance Company v. Arch Real Estate Holdings LLC, et. al.*, Civ. No. 1:25-cv-02375-MKV. In that action, Great American Insurance Company ("GAIC") brought an interpleader complaint in New York Supreme Court on June 5, 2024 against Arch Real Estate Holdings LLC, Jeffrey Simpson, Jared Chassen, Wiggin & Dana LLP, Griffin LLP, and Offit Kurman, P.A. JJ Arch was later granted leave to intervene in that action. The interpleader action centers around the parties' disputed entitlements to insurance funds. Chassen intends to seek to remand the proceeding because, among other things, (1) Chassen, Simpson, AREH and JJ Arch are all citizens of New York who each received the complaint, meaning there is no diversity jurisdiction under the "home state defendant rule;" (2) more than 30 days elapsed since Simpson was served and answered GAIC's complaint; (3) Chassen does consent to the removal; (4) no federal claims are asserted; and (5) Simpson did not comply with the procedural requirements for removal.

Simpson also removed the action captioned *Jared Chassen and 55 Manor LLC, individually and derivatively on behalf of JJ Arch Nostrand LLC, JJ Haverhill LLC, JJ Tuscaloosa LLC, JJ Pebble Creek LLC, JJ Centre Pointe LLC, JJ Colombia LLC, JJ Midtown Oaks LLC, JJ Myrtle Point LLC, JJ 88 Arch LLC, JJ Cambridge LLC, JJ NCSC LLC, JJ Camelot LLC, and 5401 California Investors, LLC v. Jeffrey Simpson and YJ Simco LLC,* Civ. No. 1:25-cv-02373-JHR-HJR. That action was commenced in New York Supreme Court on September 22, 2024, with Simpson served on September 26, 2024. Plaintiffs seek permanent declaratory and injunctive relief relating to Simpson's declared intent to transfer all the membership interests and assets belonging to nominal defendants JJ Arch Nostrand LLC, JJ Haverhill LLC, JJ Tuscaloosa LLC, JJ Pebble Creek LLC, JJ Centre Pointe LLC, JJ Colombia LLC, JJ Midtown Oaks LLC, JJ Myrtle Point LLC, JJ 88 Arch LLC, JJ Cambridge LLC, JJ NCSC LLC, JJ Camelot LLC, and 5401 California Investors, LLC for no consideration and without member consent. All defendants are in default in that proceeding. Chassen intends to seek to remand the proceeding because, among other things, (1) the plaintiffs and defendants are all citizens of New York; (2) more than 30 days have elapsed since Simpson, and the other defendants, were served with the complaint; (3) no federal claims are asserted; and (4) Simpson did not comply with the procedural requirements for removal.

[3] The JJ Arch LLC Operating Agreement is available at [NYSCEF No. 721](). The Amended JJ Arch LLC Operating Agreement is available at [NYSCEF No. 722](). The AREH Operating Agreement is available at [NYSCEF No. 720]().

12.     In or about 2022, Chassen and Simpson purchased a handful of properties together which they owned and managed directly through JJ Arch, independent of AREH, through New York limited liability corporations 1640 Montauk LLC, 1640 Motors LLC, JJ NY 550 LLC, and 225 HPR LLC. In 2022, JJ Arch also formed three New York limited liability corporations with outside investor members, 146 E 89 Borrower 1 LLC, 146 E 89 Borrower 2 LLC, and 146 E 89 Borrower 3 LLC to purchase a real property in Manhattan through a tenant in common structure, with JJ Arch acting as the managing member of each entity.[4]

13.     The lawsuit itself began in August 2023, after Simpson and Chassen each attempted to terminate each other as members under the resignation provision of the JJ Arch Operating Agreement. Simpson started this action on August 15, 2023, suing Chassen and First Republic Bank, and asserting claims for breach of contract, breach of fiduciary duty, conversion, tortious interference, declaratory judgment, and for permanent injunctive relief.[5] *See* ECF 4-5, Summons and Complaint, also available at NYSCEF No. 1. Later, Chassen asserted counterclaims against Simpson for, among other things, breach of fiduciary duty and declaratory relief that Simpson was no longer a member of JJ Arch. *See* ECF 4-6, Second Amended Verified Answer and Counterclaims, also available at NYSCEF No. 1070; *see also* NYSCEF No. 212, Answer with

---

[4] The 225 HPR LLC Operating Agreement is available at NYSCEF No. 1172. The 1640 Montauk LLC Operating Agreement is available at NYSCEF No. 1173. The JJ NY 550 LLC Operating Agreement is available at NYSCEF No. 1174. The 146 E 89 Borrower 1 LLC Operating Agreement is available at NYSCEF No. 1179. The 146 E 89 Borrower 2 LLC Operating Agreement is available at NYSCEF No. 1180. The 146 E 89 Borrower 3 LLC Operating Agreement is available at NYSCEF No. 1181.

[5] First Republic Bank was subsequently discontinued from the action. NYSCEF No. 470, Notice of Discontinuance.

Counterclaims; NYSCEF No. 392, First Amended Answer with Counterclaims.[6] Chassen also

asserted a single breach of contract claim against an entity owned by Simpson, YJ Simco LLC.

*See* ECF 4-6, Second Amended Verified Answer and Counterclaims, also available at NYSCEF

No. 1070.[7] Chassen asserted only state law claims.

14.     When he started the lawsuit, Simpson also filed a motion seeking to be restored to

his managerial position at JJ Arch.[8] In August 2023, the Commercial Division entered an order

that restored Simpson to managerial control of JJ Arch, subject to, among other things, Chassen's

membership and consent rights to major decisions as defined in the JJ Arch Operating Agreement,

and directed them to cooperate in good faith. *See* NYSCEF No. 36, Order Regarding Interim

Operating Procedures. The Commercial Division also nullified their respective August 2023

terminations of each other. *Id.*

15.     Despite being directed to cooperate in good faith, within days of being restored to

managerial control, on September 1, 2023 Simpson purported to terminate Chassen. In orders

entered in September and November 2023, the Commercial Division restored Chassen and barred

either member from terminating the other without prior Court permission. NYSCEF No. 86, TRO;

---

[6] Chassen was granted leave to amend his answer and counterclaims. NYSCEF No. 1062, Decision and Order.

[7] Chassen voluntarily discontinued any claims against YJ Simco on March 10, 2025 pursuant to CPLR 3217(a), as YJ Simco had never answered. NYSCEF No. 1354. YJ Simco filed bankruptcy on March 9, 2025, (*see* NYSCEF No. 1353), and objected to the discontinuance on the purported basis that the discontinuance violated the automatic stay. This was Simpson's first bad-faith maneuver to stymie the receiver appointment. The Commercial Division found that the objection was without merit (*see* NYSCEF No. 1361, So-Ordered Letter) for the reasons stated in Chassen's letter in response to the objection. NYSCEF No. 1358, March 11, 2025 Letter to Commercial Division.

[8] Simpson's Order to Show Cause seeking to be restored to managerial control is available at NYSCEF Nos. 9-21.

NYSCEF No. 419, Preliminary Injunction. [9] The Commercial Division granted Simpson a preliminary injunction in September in which it incorporated its August 2023 Interim Order and September TRO. NYSCEF No. 159, Preliminary Injunction. The Commercial Division made clear that "unless and until this partnership is broken up, Mr. Chassen is a 49 percent member without managerial control. . . But Mr. Chassen, his contractual rights are to be a 49 percent member with substantial consent rights to important decisions." *See* NYSCEF No. 224, Sept. 29, 2023 Hr. Tr. at 54:5-55:4; *See also* NYSCEF No. 128, Sept. 15, 2023 Hr. Tr.; NYSCEF No. 83, Sept. 11, 2023, Hr. Tr.

16. On October 17, 2023, Oak, AREH's investor member, filed an emergency application seeking to appoint a temporary receiver over JJ Arch, submitting evidence showing that Simpson had engaged in rampant breaches of fiduciary duty and misappropriation of assets and detailing the dire state affairs at AREH, with numerous loans defaulting because of Simpson's misconduct. These moving papers are available at NYSCEF Nos. 225-266, 268.[10] Under CPLR 6401, Oak automatically became a party to the action and filed an intervenor complaint against Simpson, JJ Arch, and AREH. *See* **Ex. 15**, NYSCEF No. 319, Oak Intervenor Complaint. Oak did not assert any federal claims.[11]

17. After Simpson furloughed all of AREH's employees, on October 31, 2023, Oak terminated JJ Arch as managing member of AREH pursuant to the resignation provision of the

---

[9] *See also* NYSCEF No. 417, Nov. 20, 2023 Hr. Tr.

[10] A copy of the hearing transcript on Oak's receiver motion is available at NYSCEF No. 281.

[11] Simpson and JJ Arch in turn asserted counterclaims against Oak. NYSCEF No. 471, Simpson's Answer with Counterclaims against Oak; NYSCEF No. 483, JJ Arch's Answer with Counterclaims against Oak. These counterclaims similarly asserted only state law claims.

AREH Operating Agreement and sought to enforce the termination. Oak's moving papers are available at NYSCEF Nos. 296-318. On November 22, 2023, the Commercial Division granted an amended preliminary injunction enforcing Oak's termination of Simpson and JJ Arch as managing member during the pendency of the proceeding. NYSCEF No. 418, Preliminary Injunction.[12] The order enjoined Simpson and JJ Arch from acting as managing member of AREH, with Oak acting as managing member instead, and enjoined Simpson from denying "prompt consent" on behalf of JJ Arch to major decision proposed by Oak as the managing member of AREH "unless both JJ Arch members (Jeffrey Simpson and Jared Chassen) jointly agree to deny such consent (or alternatively, either JJ Arch member may convey consent) . . ." *Id.*

### III. Simpson's Bad-Faith Bankruptcy and Collateral Attacks on the Commercial Division

18.     In late January 2024, Chassen moved for the appointment of a temporary receiver over JJ Arch and other interim relief, including to compel Simpson to comply with his obligations to give Chassen account viewing access as provided by the Commercial Division's earlier orders. Chassen's moving papers are available at NYSCEF Nos. 485-520. On February 7, 2024, the Commercial Division entered an order which required Simpson to immediately ensure that Chassen have viewing access and other information and set the receiver motion for an evidentiary hearing in June 2024. *See* NYSCEF No. 604, TRO.

19.     At around the same time, Simpson moved for an order seeking to vacate the Court's preliminary injunction removing JJ Arch as managing member of AREH and to remove Chassen as a member of JJ Arch during the pendency of the suit. Simpson's moving papers are available at NYSCEF Nos. 521-557. The Commercial Division denied the portion of Simpson's motion

---

[12] The hearing transcripts for this motion are available at NYSCEF Nos. 374 and 417.

seeking to vacate the preliminary injunction removing JJ Arch as managing member of AREH and set the remainder of his motion for the same evidentiary hearing in June 2024. *See* NYSCEF No. 605, Order to Show Cause.[13]

20.     After receiving an adverse ruling on his motion to vacate JJ Arch's removal as managing member of AREH, on February 12, 2024 Simpson sent an email to the Deputy Chief Administrative Judge of the New York City Courts attacking the Commercial Division. This letter is available at NYSCEF No. 729, and special counsel's response is available at NYSCEF No. 730. On February 21, 2024, Simpson then filed an emergency interim stay application to the Appellate Division, First Department seeking an immediate stay of that part of the injunction that allowed Chassen to consent on behalf of JJ Arch to Major Decisions made by AREH which was denied and referred to a panel. *See* Appeal No. 2024-01021.

21.     Simpson did not comply with Justice Cohen's order that he provide Chassen with books and records and account viewing access, which prompted counsel to send a letter to Simpson's counsel on March 5, 2024 warning him that Chassen would seek to hold Simpson in contempt. This email is available at NYSCEF No. 752. On March 6, 2024, the day before he contemptuously put JJ Arch into bankruptcy, Simpson wrote Kevin Weiner, an Oak principal the following email:

> YOU DON'T KNOW ANYTHING, GO BACK TO CANADA AS YOU ARE PLANNING TO DO ANYWAY AFTER YOU ARE FINISHED RUINING THE BUSINESS THAT I BUILT. THE GROWN UPS WILL HANDLE IT. YOU WILL NEVER BE ALLOWED BACK IN THE US WHEN WE ARE DONE WITH THIS NONSENSE. DON'T SEND ME ANYTHING MORE, YOU WILL BE PROVEN GUILTY ON ALL RESPECTS – GOOD THAT YOU DUPED ONE JUDGE, YOU WON'T DUPE OTHERS. WHAT HAPPENED WITH CARTER? YOU DIDN'T LIKE WHAT HE SAID SO YOU WITHDREW? LIKE A COWARD THAT YOU ARE. THIS ISNT A VIDEO GAME KEVIN.

---

[13] The hearing transcript for the two motions is available at NYSCEF No. 603.

A copy of this email is available at NYSCEF No. 731 (emphasis in original).

22.     On March 7, 2024, Simpson filed a Petition for Chapter 11 Bankruptcy as purported "sole member" of JJ Arch (the "Petition"). A copy of the Petition is available at NYSCEF No. 732. In his List of Equity Security Holders attached to the Petition, Simpson swore that he was the sole member, even though the court had nullified his purported August 5, 2023 resignation email to Chassen, saying that:

> Jared Chassen of 55 Manor Pond Lane, Irvington, NY 10533, previously owned a 49% percent membership interest in the Debtor JJ Arch LLC . . . Mr. Chassen was deemed to have resigned as a member of JJ Arch as of August 5, 2023, pursuant to the definition of 'Resignation' as set forth in the Limited Liability Company Agreement of JJ Arch LLC, dated December 11, 2017, as amended and restated on May 21, 2021 . . . and Section 7.5 of the Operating Agreement.

*Id.* at n. 1.

23.     Three days later, on March 10, 2024, Chassen filed a letter to the Commercial Division seeking a pre-motion conference for a motion to hold Simpson in criminal contempt for filing the bankruptcy as purported sole member and without Chassen's consent and his refusal to comply with the Court's other orders. A copy of this letter is available at NYSCEF No. 630. On March 11, 2024, the Commercial Division issued a notice which stated in part that "counsel is free to proceed with the proposed motion by order to show cause." NYSCEF No. 632, Court Notice.

24.     Simpson then removed the action to the Bankruptcy Court on April 1, 2024. The notice of removal is available at NYSCEF No. 635.

25.     The Bankruptcy Court (Mastando, J.), after an extensive recitation of the record, found that Simpson's removal was an act of forum shopping. *See In re JJ Arch LLC*, Nos. 24-10381 (JPM), 24-1335 (JPM), 2024 Bankr. LEXIS 1347, at *33-47 (Bankr. S.D.N.Y. June 10, 2024) (finding Simpson's April 1, 2024 removal was an act of forum shopping and that the claims asserted in the action were state law claims relating to internal corporate governance).

26.     Later, on October 11, 2024, the Bankruptcy Court dismissed the bankruptcy case entirely because of, inter alia, Simpson's bad faith in filing it and his subsequent gross mismanagement of the bankruptcy estate. *In re JJ Arch LLC*, 663 B.R. 258, 275-290 (Bankr. S.D.N.Y. 2024). The Bankruptcy Court found that the filing was "an attempt by Mr. Simpson to avoid the resolution of the governance issues raised in the State Court Proceeding—a proceeding initiated by Mr. Simpson." *Id.* at 284. Further, "no reasonable person would have believed reorganization was possible . . ." *Id.* at 285. The Bankruptcy Court also dismissed the bankruptcy case on a finding that there was "gross mismanagement of the estate," which included a failure to preserve estate assets, a failure to adequately report operating activities and comply with his "fiducial obligation" to the Court and the parties, and a failure to adequately explain his insider transactions with YJ Simco LLC. *Id.* at 278-280. JJ Arch's "post-petition lack of income and excessive accrual of expenses—[also] indicate that there has been 'gross mismanagement of the estate . . .'" *Id.* at 278 (citations omitted). Simpson incurred hundreds of thousands of dollars of legal fees on behalf of JJ Arch that the Bankruptcy Court found "excessive for a debtor without a stream of revenue" and thereby caused "a substantial or continuing loss to or diminution of the estate . . ." *Id.* at 277 (citations and quotations omitted, cleaned up).

**IV.     The Post-Bankruptcy Motions Seeking to Hold Simpson in Contempt, Seeking Injunctive Relief, and Seeking Receivership**

27.     After the bankruptcy dismissal, on October 28, 2024, Chassen moved for a temporary restraining order and preliminary injunction enforcing or permitting Chassen's removal of Simpson as a member of JJ Arch, to vacate or modify the Commercial Division's prior orders restoring Simpson to managerial control of JJ Arch, and to hold Simpson in civil and criminal contempt of the Commercial Division's prior orders. Chassen's motion papers are available at NYSCEF Nos. 711-756. On November 18, 2024, the Commercial Division signed the Order to

Show Cause and entered an order that required Simpson to "immediately provide and continue to provide" account access and JJ Arch's financial information. *See* NYSCEF No. 941, TRO. The Commercial Division did not grant a TRO immediately removing Simpson as managing member of JJ Arch. NYSCEF No. 934, Decision and Order. On December 16, 2024, Chassen moved for the appointment of a temporary receiver over JJ Arch in the alternative of his request for injunctive relief. Chassen's moving papers are available at NYSCEF Nos. 994-1000.

28.     On or about December 29, 2024, Simpson wrote the Honorable Lorna G. Schofield, who was then hearing the appeal of the JJ Arch bankruptcy dismissal, and the Honorable John P. Mastando, III, that he was intending to remove this case to federal court:

> My instinct is to ***remove*** all of the aforementioned cases to SDNY on the grounds of being deprived of the Constitutional rights contained herein such as: due process and property under Amendment 14, my inabilities to procure counsel under Amendments 5 & 6 and finally my rights to file a bankruptcy (AREH), which was deprived by Judge Cohen improperly (concurrently with Judge Carter agreeing with me).

NYSCEF No. 1029, Letter at 23 (emphasis in original).

29.     On January 7, 2025, Simpson and JJ Arch, who had been *pro se* post-bankruptcy, retained counsel, Robert Lorenc, Esq. The notice of appearance is available at NYSCEF No. 1038. On January 27, 2025, the Commercial Division issued an order deferring the motion seeking injunctive relief and a contempt order and set the receiver motion for an evidentiary hearing on February 25, 2025. *See* NYSCEF No. 1064, Order.[14] On February 5, 2025, the Commercial Division entered a Hearing Schedule and Order. *See* NYSCEF No. 1091, Hearing Schedule and Order. The next day, Mr. Lorenc filed an emergency order to show cause seeking to be relieved as

---

[14] This order memorialized the Court's directive at a January 14, 2025 hearing available at NYSCEF No. 1067 that the receiver motion would be addressed first.

counsel and sought a 60-day stay. Mr. Lorenc's moving papers are available at NYSCEF Nos. 1092-1096. In his application to be relieved, Mr. Lorenc testified that "Mr. Simpson insisted that I take a course of action that I knew would not only not be successful to achieve the desired result, but, which was contrary to the prior order of this Court." NYSCEF No. 1093, Lorenc Affirm. at ¶ 23.[15]

30. On February 9, 2025, while represented by counsel, Simpson sent an email to Justice Cohen in which he asserted that this:

> is a court of non-competent jurisdiction, who has been biased since the first day and has made rulings that are not at all practical or thoughtful or considerate to anything or anyone here especially when you can't even remember what it is you offered in a prior order or transcript. So you may not like my tone and you may criticize me and tell me that I'm not being proper but again if someone took from you what's been taken for me I would love to see what your tone will be like . . . All right reserved and yes I am copying every possible avenue of the NY court system that I know because there's no justice here. I will forward along later to the Southern District and make sure that all the judges who have touched this case have also seen what's going on here because it is not lawful.

*See* **Ex. 6**, Simpson Feb. 9, 2025 Email to Justice Cohen, also available at NYSCEF No. 1132.

31. On February 10, 2025, Justice Cohen denied the interim stay request in connection with Mr. Lorenc's motion to withdraw. *See* **Ex. 7**, OSC, also available at NYSCEF No. 1106. Mr. Lorenc requested an *ex parte* conference with Justice Cohen, which was held with him and Simpson on February 11, 2025, on the record and on the consent of the other parties. The Court Notices are available at NYSCEF No. 1135 and 1142.

32. Simpson then sat for a deposition on February 13, 2025, during which he lobbed abuse at counsel: "You're scum. Yeah, scum lying garbage you are. Keep going. Keep going. You

---

[15] Other counselors have withdrawn from their representations because Simpson insisted they take frivolous legal actions. *See* NYSCEF No. 744, Wigin & Dana LLP Motion to Withdraw (withdrawing, inter alia, pursuant to Rule 1.16(c)(6) of the New York Rules of Professional Responsibility); NYSCEF No. 702, Davidoff Hutcher & Citron LLP Motion to Withdraw (same).

lied to the Court literally. Keeping lying. Keep going . . . I can't believe the bar gives you a license."

The February 13, 2025 Dep. Tr. is available at [NYSCEF No. 1374](#); *Id.* at 115:17-25. Mr. Simpson

called counsel a "disgusting lawyer," *id.* at 322:20-10, told him that "I think you're a lying,

cheating thief." *Id.* at 280:5-12. Mr. Simpson also called counsel a "disgusting pig," and said

ominously "You've lied to the Court every single time. Go ahead. That's okay. We'll have an

investigation of you of a different kind." *Id.* at 183:3-24.

33.    On February 19, 2025, the Commercial Division denied Mr. Lorenc's motion to

withdraw without prejudice to refile after the hearing on the motion for the appointment of a

temporary receiver. *See* **Ex. 8**, Decision and Order, also available at [NYSCEF No. 1167](#).

34.    The Commercial Division held a two-day evidentiary hearing on February 25, 2025

and February 28, 2025, and heard oral argument on March 5, 2025.[16] At the hearing, Chassen

established, among other things, that since Simpson was restored to managerial control in August

2023, the properties owned and managed by JJ Arch all defaulted on their mortgages and entered

foreclosure. [NYSCEF No. 1347](#), Mar. 4, 2025 Post-Hearing Letter. Each earned minimal or no

revenue for a least a year and most were left vacant. *Id.* Most, if not all, of the properties were left

uninsured. *Id.* Tax returns remained unfiled since 2022. *Id.* Chassen established that Simpson had

diverted funds from these entities. *Id.*[17]

---

[16] The submissions in connection with the evidentiary hearing, including the direct testimony
affidavits and exhibits, are available on the NYSCEF docket hyperlinked [here](#). The February 25,
2025 Hearing Transcript is available at [NYSCEF No. 1346](#). The February 28, 2025 hearing
transcript is available at [NYSCEF No. 1371](#). The March 5, 2025 hearing transcript was just
received from the court reporter and could not be e-filed to NYSCEF before the removal. The just
obtained transcript is attached as **Ex. 10**.

[17] Chassen also established a severe breakdown in the relations between him and Simpson
warranting the appointment of a temporary receiver. *Meagher v Doscher*, 157 A.D.3d 880, 884
(2d Dep't 2018); *Suissa v Baron*, 107 A.D.3d 689, 689 (2d Dep't 2013). Chassen established that
Simpson had "demonstrated [a] willingness to defy the Supreme Court's orders." *Rozenberg*

35. On March 8, 2025, the Commercial Division granted Chassen's motion to appoint a temporary receiver and entered an order appointing Eric Huebscher as the receiver on March 11, 2025. *See* **Ex. 9**, Decision and Order, also available at NYSCEF No. 1352; Ex. 1, Order Appointing Temporary Receiver, also available at NYSCEF No. 1360.

36. On March 13, 2025, the Commercial Division entered an order allowing further briefing on the pending contempt motion and then scheduled the contempt hearing for March 27, 2025. *See* NYSCEF No. 1363, So-Ordered Letter.

## V. Simpson's Bad Faith Removal

37. On March 19, 2025, at 9:05 p.m., Chassen filed supplemental papers in support of the contempt motion in which he made clear that he continued to seek to hold Simpson in both civil and criminal contempt of the Commercial Division's prior orders. Chassen's supplemental submission is available at available at NYSCEF Nos. 1372-1379. At 11:20 p.m. on March 19, 2025, Simpson then e-filed on NYSCEF a purported notice of removal that was post-dated to state that he had removed the case the next day, March 20, 2025, and did not attach any evidence of any federal filing. *See* NYSCEF No. 1380-1382, Notice of Removal. At 3:53 a.m. and 5:39 a.m. on March 20, 2025, Simpson then sent *ex parte* emails to Justice Cohen and other federal judges stating that he was removing the case to federal court. *See* **Ex. 11**, *Ex-Parte* Emails, also available at NYSCEF No. 1383-1. The Commercial Division posted these *ex-parte* emails on NYSCEF and invited the parties to file letters indicating their position on the legal effect of Mr. Simpson's emails and post-dated notice of removal. The Court Notice is available at NYSCEF No. 1383. Simpson

---

*v Perlstein*, 200 A.D.3d 915, 920 (2d Dep't 2021); *Singh v Brunswick Hosp. Ctr., Inc.*, 2 A.D.3d 433, 434 (2d Dep't 2003). Chassen showed that Simpson has "manifest[ed] a predisposition to take unilateral action in disregard of [Chassen]'s rights . . ." *Chaline Estates, Inc. v Furcraft Assoc.*, 278 A.D.2d 141, 142 (1st Dep't 2000).

responded by letter on NYSCEF that he was "dumbfounded" by this, and told the Court that "you will learn, I am and was a very effective leader by making informed and educated decisions and moving forward. This is not a 'free for all', it is my business that you invaded in ways that are unconscionable." *See* **Ex. 12**, Simpson Mar. 20, 2025 Letter to Court, also available at NYSCEF No. 1384.

38.     Later that day, Simpson e-filed an email to NYSCEF that he had sent to Judge Koeltl at 1:39 p.m. on March 20, 2025 in which he said "We have told the NYS judge that he is biased on numerous occasions . . . [m]y instinct is that he will not 'surrender' to my Removal action until he is Ordered to do so." *See* **Ex. 13**, Email, also available at NYSCEF No. 1387. Later that day, after the receiver's proposed counsel had written a letter to the Commercial Division, he again wrote the Commercial Division on NYSCEF telling Justice Cohen "It is that you are simply fearful for your wrongdoings and bias nature of your role on the bench that you cannot help yourself but attack the most successful guy in the room (before you have attempted to ruin my life by bad orders, bias commentary and simply swallowing your own words from one hearing to another)  . . . I will not be communicating with this Court again unless I am told otherwise by a higher power in the Federal Court." *See* **Ex. 14**, Mar. 20, 2025 Letter to Court, also available at NYSCEF No. 1389.

39.     On March 24, 2025, Simpson sent another letter to the Commercial Division where he informed the Court and the parties that he had expelled the receiver that day from a business under the receivership and called the police on him. *See* **Ex. 2**, Mar. 24, 2025 Letter to Court, also available at NYSCEF No. 1406. In this letter, Simpson takes the position that his removal to federal court invalidates the Commercial Division's orders. *Id.* He tells the Commercial Division "[i]t is unconscionable that the appointed (without my consent or anything) Receiver, without my

approval (manager member and sole owner of JJ Arch, given Chassen's full and final admission to attempting to steal the company on August 4th, 2023 under direct testimony in this Court), and a full Removal to SDNY can show up this way. He knows better, but for some reason, this Court thinks they can keep playing their game and continue to breach its authority." *Id.*

40.     On March 24, 2025, Simpson also filed evidence that he had effectuated the removal to this Court by filing screenshots of the ECF docket, and that day the Commercial Division issued a notice stating that:

> The Court has now been presented with evidence that an action and a notice of removal of this action have been filed in federal court, meaning that unless or until the federal court issues an order remanding the case, this Court will proceed no further. Thus, the hearing scheduled for March 27, 2025, is canceled. All orders of this Court entered prior to removal, including the appointment of a receiver, remain in effect subject to any contrary orders made in the federal action.

NYSCEF No. 1409, Court Notice.

41.     On March 29, 2025, Simpson further interfered with the receiver and prevented him from performing his duties by directing a lender of the entities subject to the receivership not to give a payoff statement to the receiver, claiming that the receiver had no authority because of this removal. *See* **Ex. 3**, Mar. 29, 2025 Email from Simpson to Lender. In this email, Simpson impugned Justice Cohen and the receiver and claimed that they were "on the take." *Id.*

42.     The above record demonstrates that Simpson's removal of this proceeding was improper and done in bad faith to avoid contempt proceedings and to interfere with the receivership. It demonstrates that this removal is a naked collateral attack on the Commercial Division.

43.     The Court should grant this motion in its entirety, including the requested sanctions and injunctive relief, together with such other relief the Court deems just and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 4, 2025.

By: _/s/_____
Allen Schwartz, Esq. (AS 7979)

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

       I, Allen Schwartz, Esq., certify that the foregoing Declaration contains less than 8750 words, as counted by Microsoft Word's word-processing system, excluding the caption, table of contents, table of authorities and signature block, and that it complies with the applicable word limits.


                      __/s/_____
                      Allen Schwartz