# EXHIBIT 4

# SCHWARTZ LAW PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Email: allen@allenschwartzlaw.com

March 28, 2025

**VIA EMAIL**

Robert Lorenc, Esq.
The LORENC Law Firm
62 West 45th Street
New York, NY 10036
212-628-0562 (office)
robert@lorenclaw.com

-and-

Jeffrey Simpson
1055 Park Avenue, Unit 4,
New York, New York 10028
jsimpson001@icloud.com

      Re: *Jeffrey Simpson v. Jared Chassen*, et. al., Case No. 1:25-cv-02372 (LTS)

Dear Mr. Lorenc and Mr. Simpson:

     I represent Jared Chassen in the above-captioned action and write pursuant to Rule 2(b)(i) of the Individual Rules of the Honorable Laura Taylor Swain, which requires that movants send a letter to you in advance of filing the below-detailed forthcoming motion and seek a telephonic conference with you prior to filing. This letter is sent with 608941 NJ LLC and Arch Real Estate Holdings LLC, who also intend to join, or move with, Mr. Chassen in this forthcoming motion. We will soon be moving to remand this action to the New York County Supreme Court, for an award of costs and attorney's fees, and for an injunction barring any further removals without the Court's prior permission.

     The factual and legal grounds for the motion include the following: First, the removal statute is reserved for defendants, but Mr. Simpson is the plaintiff. Second, none of the claims asserted in this proceeding are federal claims conferring federal subject matter jurisdiction. Third, Mr. Simpson's removal of this 2023 action, even if he were not the plaintiff, is wildly untimely. Fourth, even if he were a defendant, Mr. Simpson did not obtain the consent of the other defendants. Finally, Mr. Simpson did not comply with any of the other procedural requirements for removal, failing to file a short concise statement of jurisdiction or to attach the pleadings and orders in this action.

In addition to seeking the remand of this proceeding, we will seek the imposition of costs and sanctions for this removal—and an injunction on further removals without the Court's prior permission. Mr. Simpson's removal was not the innocent mistake of a pro se party but was intended to stymie and interfere with the appointment of the temporary receiver just ordered by the Commercial Division and to avoid a contempt hearing to answer for his longstanding disobedience of that court that was just days away. Rather than being unaware of the baselessness of his removal, Mr. Simpson was represented by counsel who notably did not sign or file this frivolous notice of removal himself. Further, Mr. Simpson has a lengthy history of collateral attacks on the Commercial Division. And Mr. Simpson's correspondence with the Commercial Division evidence not only his contempt of the Commercial Division, but his bad-faith, vexatious intent here. Sanctions are warranted here to protect the courts, the litigants, and the integrity of the judicial system.

In accordance with Judge Swain's rules, I, and counsel for 608941 NJ Inc. and AREH, are available to have a telephone call on Monday, March 31, 2025, and Tuesday, April 1, 2025 between 11:00 a.m. and 3:00 p.m. Please let me know if those dates and times work for you. If I do not hear back from you to schedule such a call, I will assume that you do not wish to hold a telephone call to discuss this forthcoming motion.

Finally, please confirm whether Mr. Simpson consents to being served by email to the address at jsimpson001@icloud.com with all papers, letters, motions, and any other documents in this matter, and the two other cases Mr. Simpson just removed to federal court.

Sincerely,<br>
___/s/_____<br>
Allen Schwartz, Esq.

cc: Leslie Thorne, Esq. (via email)
    Aishlinn Bottini, Esq. (via email)
    Jonathan Koevary, Esq. (via email)
    Jeremy King, Esq. (via email)