UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JEFFREY SIMPSON, individually and derivatively,
as managing member of JJ ARCH LLC, suing
derivatively as managing member of ARCH REAL
ESTATE HOLDINGS LLC, and JJ ARCH LLC,

      Plaintiffs,

     -against-

JARED CHASSEN, FIRST REPUBLIC BANK,

      Defendants.
-------------------------------------------------------------------X

Case No. 1:25-cv-02372 (LTS)

# DECLARATION OF ERIC M. HUEBSCHER IN, IN HIS CAPACITY AS RECEIVER, IN SUPPORT OF JARED CHASSEN'S MOTION SEEKING AN ORDER REMANDING THIS CASE AND BARRING ANY FURTHER REMOVAL OF THE CASE ABSENT THE PRIOR PERMISSION OF THIS COURT

Eric M. Huebscher hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, to the best of his knowledge and based upon the documents available to him, as follows:

1. I submit this declaration in support of that portion of the motion of defendant Jared Chassen ("Chassen"), brought by order to show cause, seeking an order (i) remanding this case to the Supreme Court of the State of New York, County of New York, Commercial Division (the "State Court"); (ii) enjoining plaintiff Jeffrey Simpson ("Simpson") from any further removal of this case without the prior permission of this Court; and (iii) granting such other and further relief this Court deems just and proper (the "Motion") [Doc. Nos. 9, 10, 11].

2. It is respectfully requested that the Court consider the Motion on an expedited basis as Simpson is attempting to use the removal as a basis to prevent me from carrying out my duties as Receiver (defined below) as detailed below. While my proposed counsel informs me that I may seek relief from Simpson's contemptuous conduct in this Court, I am also informed that there was

no basis for this case to be removed, and that, further proceedings in this Court could potentially delay remand to the State Court, which is intimately familiar with the parties and issues, having presided over this case for almost two years (with over 1400 filings on the docket).

**Basis for Expedited Consideration**

3. By Order of the State Court dated March 11, 2025 (NYSCEF Doc. No. 1360) (the "Receivership Order"),[1] I was appointed receiver (the "Receiver") over: (1) JJ Arch's managerial and membership interests in the JJ Arch Controlled Entities; (2) the JJ Arch Controlled Properties; and (3) JJ Arch's bank accounts, records, and funds, and the JJ Arch Controlled Entities' funds, assets properties, records, and bank accounts. A true and correct copy of the Receivership Order is annexed hereto as **Exhibit A**.

4. On March 18, 2025, I filed my Oath (NYSCEF Doc. No. 1366) and Bond (NYSCEF Doc. No. 1367) in the State Court.[2]

5. The Receivership Order provides that:

> upon the filing of said bond so approved, the Receiver shall have complete and sole managerial authority over (1) the bank accounts, funds and records over which JJ Arch exercises control (the "Accounts"), including those belonging to the JJ Arch Controlled Entities, (2) the JJ Arch Controlled Entities in their entirety, and (3) the JJ Arch Controlled Properties in their entirety;

Exhibit A, p. 3.

6. Among the JJ Arch Controlled Entities for which I was appointed Receiver is 1640 Motors LLC, which operates "the business known as Rêver Motors", one of the JJ Arch Controlled Properties for which I was appointed Receiver. *See* Exhibit A, p.2.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Receivership Order.
[2] The Bond was approved by the Hon. Joel M. Cohen, J.S.C., on March 21, 2025 (NYSCEF Doc. No. 1401).

7. To fulfill my duties as Receiver of, among other things, the JJ Arch Controlled Entities and the JJ Arch Controlled Properties, I necessarily require the books and records of the receivership estate. In this regard, the Receivership Order required Simpson to "immediately provide" to me the following books, records and things (collectively, the "<u>Books and Records</u>"):

> (a) all books and records and books of account of JJ Arch and the JJ Arch Controlled Entities, (2) an inventory of all assets belonging to the JJ Arch Controlled Entities, including a list of vehicles at, or that were at, Rever Motors, since August 16, 2023 whether titled in Simpson's name, the name of any entity controlled by Simpson, or the name of a JJ Arch Controlled Entity; (3) a list of all employees at the JJ Arch Controlled Entities or JJ Arch Controlled Properties since August 16, 2023, any payroll records for such employees, and any evidence that payroll taxes were paid for such employee(s); (4) copies of all filed tax returns for JJ Arch and the JJ Arch Controlled Entities to the extent such exist, and all tax correspondence from or to the Internal Revenue Service or any other governmental entity; (5) all banking records for JJ Arch and the JJ Arch Controlled Entities; (6) all books, logs, spreadsheets, and other documents detailing the transactions at the JJ Arch Controlled Entities and funds and assets belonging to the JJ Arch Controlled Entities; (7) keys to, or any other items, codes, or similar required to access, JJ Arch Properties, and (8) any other documents requested by the Receiver and necessary or helpful for the Receiver to fulfil his or her duties under this Order.

Exhibit A, p. 5.

8. Notwithstanding the Receivership Order's directive to Simpson to "immediately provide the Receiver" with the Books and Records, Simpson failed to comply. On March 26, 2025, my proposed counsel sent a letter to Simpson's counsel, among others, demanding compliance with the Receivership Order by turning over the Books and Records by April 2, 2025. Simpson provided nothing in response to the letter. A true and correct copy of the March 26, 2025 Letter is annexed hereto as **Exhibit B**.

9. On April 8, 2025, my proposed counsel, by e-mail to Simpson and his attorney, repeated and reiterated his March 26 requests to Simpson. ln a responsive e-mail sent on April 9, 2025, which failed to provide any of the requested information, Simpson stated: "All has been said

to the federal court so you will stand down and do nothing until the federal court speaks to the contrary." A true and correct copy of Simpson's April 9, 2025 e-mail is annexed hereto as **Exhibit C**.

10. In addition, Simpson has prevented me from taking control of 1640 Motors LLC, which is a JJ Arch Controlled Entity that operates the business known as Rêver Motors, a JJ Arch Controlled Property.

11. Specifically, on March 24, 2025, I planned a site visit of Rêver Motors, located at 1640 Montauk Highway, Watermill, New York. I arrived at approximately 11:00 a.m. (ET), and was greeted by a young man standing in the office showroom. I informed him that, pursuant to the Receivership Order, the State Court appointed me Receiver with complete and sole managerial authority of Rêver Motors. I then asked him if Simpson was on the premises. The young man left the area for a moment, and when he came back he informed me that Simpson was not available. I showed him the Receivership Order and the Bond.

12. I asked the young man where the certificates of title for the vehicles at the premises were kept. He told me some were stored in a drawer behind the counter, and others were held by a finance company. I went behind the counter and started to look at titles in the drawer. My initial reaction was that there were much fewer titles in the drawer than there were cars on the premises.

13. Approximately three or four minutes later Simpson appeared and started yelling at me, calling me names. He demanded that I immediately leave the premises. He persisted with name calling and was screaming very loud. He then called the police and then the FBI (as he claimed). As his yelling and demeanor became more aggressive, I called the police.

14. When I connected with the 911 operator I asked for immediate police presence. I put the phone on speaker so that the operator could hear Simpson. The 911 operator advised that

she was recording the conversation. With the 911 operator on the line, Simpson continued to yell and call me names with vulgar undertones. The 911 operator asked if Simpson was armed, and my response was that I did not know. Simpson stayed about 25 feet from me at all times during this event.

15. Two Southampton police officers arrived on the scene, one of them male and the other female. When the male officer approached I handed him a copy of the Receivership Order and informed him why I was on the premises. We spoke for about 4 to 5 minutes.

16. The officers then switched. The female officer approached me and I explained my presence and showed her the Receivership Order.

17. I agreed with the female officer to leave the premises and to seek court intervention. The female officer walked me to my vehicle. Thereafter the male officer approached and asked whether I had removed any documents from the office and I informed them both that I had not. A true and correct copy of the Southampton Town Police Department Incident Report (the "Police Report") is annexed hereto as **Exhibit D**.

18. The narrative of the Police Report states in its entirety:

> The reporting officer responded to the incident location in reference to a civil dispute. Complainant states that the other party involved is not wanted on his property and is refusing to leave. The other party involved states that he is the court ordered receiver of the property and everything on it and is there to collect files from the business regarding same. The complainant states that the court order was dismissed and the other party does not have rights to the property anymore, and the other party states the opposite. The subject was asked to leave the property and go forward with the issue in civil court, and he agreed. Nothing further to report at this time.

Exhibit C.

19. Accordingly, I hereby join in Chassen's request for expedited consideration of the Motion, and respectfully request that the Court enter an order (i) remanding this case to the State

5

Court; (ii) enjoining Simpson from any further removal of this case without the prior permission of this Court; and (iii) granting such other and further relief this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
April 11, 2025

                                        /s/ *Eric M. Huebscher*
                                            Eric M. Huebscher