

**Martin G. Bunin**
Counsel

Direct Dial: 646.329.1982
Direct Fax: 646.329.1992
mbunin@farrellfritz.com

622 Third Avenue
New York, NY 10017
www.farrellfritz.com

Our File No.
35477-123

April 15, 2025

<u>Via ECF</u>
Hon. Laura Taylor Swain
Chief District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Simpson, et al. v. Chassen, et al.*, 25-cv-2372-LTS, removed from
<u>Supreme Court, New York County, Index no. 158055/2023</u>

Dear Chief Judge Swain:

We are proposed counsel to Eric M. Huebscher, not individually but solely in his capacity as temporary receiver (the "Receiver") over the limited liability companies controlled by JJ Arch LLC, their assets and real property, including the business known as Rever Motors. The Receiver was appointed by the Supreme Court of the State of New York, County of New York (the "State Court") in *Simpson, et al. v, Chassen, et al.,* index no. 158055/2023 (the "Action") on March 11, 2025. Plaintiff Jeffrey Simpson ("Simpson") removed the Action to this Court a short time before the State Court's scheduled March 27, 2025 hearing on defendant Jared Chassen's ("Chassen") motion to hold Simpson in contempt (Declaration of Allen Schwartz in support of Chassen's order to show cause [Doc. No. 11], par. 36).

On April 4, 2025, Chassen moved by order to show cause to, among other things, (i) remand the Action to the State Court, (ii) enjoin Simpson from any further removals of the Action without the prior authorization of this Court and (iii) grant such other and further relief as this Court deems just and proper (the "Motion to Remand") [Doc. Nos. 9, 10,11].

On April 11, the Receiver joined Chassen in seeking this relief [Doc. No. 12]. The Receiver additionally joined in Chassen's request for expedited consideration of his Motion to Remand. Yesterday, 608941 NJ Inc., an intervenor plaintiff and counterclaim-defendant in the Action, also joined in Chassen's Motion to Remand.

We write to respectfully urge Your Honor to schedule a hearing on the Motion to Remand pursuant to Chassen's order to show cause as soon as Your Honor's calendar reasonably permits. Simpson is using the hiatus between the removal of the Action and this Court's consideration and decision on the Motion to Remand as a "free play" and "free harassment" period to repeatedly interfere with the "complete and sole managerial authority" granted Receiver over the entities and properties of his receivership [Doc. No. 12-1, par. 5, and 12-2 Exhibit A]. When the Receiver arrived at one of the properties on March 24 to take control of Rever Motors, Simpson was present, verbally assaulted the Receiver, called the police and the FBI (as he claimed) and demanded that the Receiver leave [Doc. No. 12-1, par. 13]. After the Receiver called the police, the police arrived, and the Receiver showed the police his order of appointment [Id., par. 15]. Simpson told the police that "the court order [appointing the receiver] was dismissed and the [Receiver] does not have rights to the property anymore" due to the removal [Doc. No. 12-5 Exhibit D, Southampton Town Police Department Incident Report]. The police, not wanting to review and interpret a court order, asked the Receiver to leave "and go forward with the issue in civil court" [Id.]. The Receiver left the property. On April 8, Simpson sent the Receiver an e-mail saying: "All has been said to the federal court so you will stand down and do nothing until the federal court speaks to the contrary" [Doc. nos. 12-1, par. 9 and 12-4 Exhibit C]. Further, Simpson has willfully refused to provide the Receiver with any of the books, records and other items and information of and about the entities and properties over which the Receiver has authority and control and which the order appointing the Receiver directed him to turn over [ECF. No. 12-1, pars. 8 and 9, 12-3 Exhibit B, and 12-3 Exhibit C].

On repeated occasions since March 24, Simpson has made substantively similar statements to professionals engaged by the Receiver.

Simpson's continuous, contemptuous refusal to obey the order appointing the Receiver will only stop after Your Honor decides the Motion to Remand.

Respectfully submitted,,

/s/*Martin G. Bunin*

Martin G. Bunin

MGB

To: All counsel of record
    Jeffrey Simpson, *pro se,* by regular mail

FF\15483036.2