OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
Adam H. Friedman
Jonathan T. Koevary
*Counsel for Arch Real Estate Holdings LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH REAL ESTATE HOLDINGS LLC, and JJ Arch<br><br>Plaintiff,<br><br>v.<br><br>JARED CHASSEN, FIRST REPUBLIC BANK<br><br>Defendants. | 25-CV-02372 (LTS) |

**ARCH REAL ESTATE HOLDINGS LLC'S JOINDER TO JARED CHASSEN'S ORDER TO SHOW CAUSE SEEKING AN ORDER REMANDING THIS PROCEEDING, AWARDING COSTS AND FEES PURSUANT TO 28 U.S.C. § 1447(C) AND THE COURT'S INHERENT POWERS, AND BARRING ANY FURTHER REMOVAL OF THIS PROCEEDING ABSENT THE PRIOR PERMISSION OF THIS COURT**

Arch Real Estate Holdings LLC ("AREH"), a defendant and nominal defendant in the above captioned case, by and through its undersigned counsel, submits this joinder (the "Joinder") to *Jared Chassen's Order to Show Cause Seeking an Order Remanding this Proceeding, Awarding Costs and Fees Pursuant to 28 U.S.C. § 1447(c) and the Court's Inherent Powers, and Barring any Further Removal of this Proceeding Absent the Prior Permission of*

12856545-1

*this Court* (the "Show Cause Order") [Doc. Nos. 9-11]. In support of this Joinder, AREH respectfully states as follows:

1. Mr. Chassen's memorandum of law in support of the Show Cause Order [Dkt. No. 10] (the "MOL") makes clear that the removal of this action was frivolous: (i) this Court does not have subject matter jurisdiction over the action; (ii) even if it did, Mr. Simpson could not comply with a number of necessary elements to qualify for removal as set forth in removal statute; and (iii) the removal notice itself was defective.

2. AREH reiterates the need for sanctions and fees pursuant to 28 U.S.C. § 1447(c). Perhaps the most important sanction would be an injunction prohibiting further removal. As set forth in the MOL, this case has already once been remanded, which remand came in connection with the dismissal of JJ Arch LLC's chapter 11 bankruptcy case. That dismissal was accompanied by a lengthy published decision from the Bankruptcy Court opining that Mr. Simpson caused JJ Arch's chapter 11 petition to be filed in bad faith as part of forum shopping device. In other words, the bankruptcy's purpose was a bad faith exercise to remove this very action that Mr. Simpson has now removed for a second time.[1]

3. In weighing sanctions, this Court should examine not just Mr. Simpson's actions, but the role of Mr. Simpson's counsel of record in this case, Robert Lorens, Esq.[2] Mr. Simpson claimed as of March 19, 2025 that the state court had been immediately deprived of jurisdiction, but no index number was from this Court was supplied to the state court until March 25. During

---

[1] *See generally In re JJ Arch LLC.*, 663 B.R. 258 (Bankr. S.D.N.Y. 2024).
[2] Although Mr. Simpson has purportedly been acting "pro se." Mr. Lorens is counsel of record to Mr. Simpson in this action and his previously filed motion to withdraw was denied without prejudice. *See* NYSCEF No. 1167. As Mr. Lorenc's withdrawal request was denied, he cannot claim not to be counsel of record in this case. *See* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.").

that interim period, Justice Cohen invited guidance from the parties as to whether removal had been effectuated. *See* NYSCEF No. 1383, 1383-1. Where Mr. Simpson, communicating directly with the court, took the position that the case had been removed, *see, e.g.,* NYSCEF No. 1384, 1389, 1406, other parties took the position that it had not been. NYSCEF No. 1385, 1388. On March 24, under the guise of merely seeking guidance in connection with a contempt hearing against Mr. Simpson scheduled for March 27, Mr. Lorenc, as counsel of record to Mr. Simpson, and faced with authority supplied in parties' submissions that no removal had occurred, wrote an email to Justice Cohen's clerk asserting "[m]y understanding of 28 U.S.C. § 1446(d) is that ***upon the removal becomes effective as of the filing of the notice of removal with the clerk and that the State court shall proceed no further unless and until the case is remanded***" and continued "I understand Mr. Simpson's position to be that the actions before the Court are ***effectively stayed*** at this time and, based on the statutory authority, ***it would appear that to be the case***." (emphasis added). That communication is attached as Exhibit A to the accompanying declaration of Jonathan T. Koevary, Esq. dated April 16, 2025, filed contemporaneously herewith attached as Exhibit A hereto.

4.  AREH reserves all rights to seek separate sanctions against Messrs. Simpson and Lorenc and the Lorenc Law Firm under Rule 11 of the Federal Rule of Civil Procedure and nothing herein shall be deemed a waiver of that right.

New York, New York
April 16, 2025

**OLSHAN FROME WOLOSKY LLP**

*Attorneys for Arch Real Estate Holdings LLC*

By:   */s/* Jonathan T. Koevary
       Adam H. Friedman
       Jonathan T. Koevary
       1325 Avenue of the Americas
       New York, NY 10019
       212.451.2300
       afriedmand@olshanlaw.com
       jkoevary@olshanlaw.com

12856545-1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on April 16, 2025, a true and correct copy of the foregoing document was served electronically by the Court's CM/ECF system on all parties entitled to such notice.

/s/ Jonathan T. Koevary
Jonathan T. Koevary

12856545-1