**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY SIMPSON, individually and derivatively, as managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH REAL ESTATE HOLDINGS LLC, and JJ Arch<br><br>Plaintiff,<br><br>v.<br><br>JARED CHASSEN, FIRST REPUBLIC BANK<br><br>Defendants. | 25-CV-02372 (LTS) |

## MEMORANDUM OF LAW IN SUPPORT OF
## ARCH REAL ESTATE HOLDINGS LLC'S MOTION SEEKING SANCTIONS
## AGAINST JEFFREY SIMPSON AND HIS COUNSEL PURSUANT TO RULE 11 OF
## THE FEDERAL RULES OF CIVIL PROCEDURE

OLSHAN FROME WOLOSKY LLP
*Attorneys for Defendant Arch Real Estate Holdings LLC*
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
Jonathan T. Koevary
jkoevary@olshanlaw.com

# Table of Contents

Page

I.    PRELIMINARY STATEMENT ....................................................................................1

II.   STATEMENT OF FACT ..........................................................................................3

      A.    The Previous Removal and Remand of this State Court Action............................3

      B.    The Post-Remand Activity.....................................................................................6

      C.    The Second and Current Removal of the State Court Case ....................................7

III.  RELIEF SOUGHT....................................................................................................10

IV.   ARGUMENT ............................................................................................................10

      A.    Removal is Facially Improper..............................................................................10

      B.    The Standard for Rule 11 .....................................................................................13

      C.    Both Monetary Sanctions and an Injunction is Appropriate.................................17

      D.    Relief Sought Herein Is Independent of Any Sanctions Relief Sought
            Pursuant to 28 U.S.C. § 1447(c). .......................................................................18

      E.    Statement Concerning Rule 11 Safe Harbor ........................................................18

V.    CONCLUSION.........................................................................................................19

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**......................................................20

Table of Authorities

CASES

*Almeciga v. Ctr. for Investigative Reporting, Inc.*,
　185 F. Supp. 3d 401 (S.D.N.Y. 2016) ..................................................................13

*AMITY DIGITAL LLC, v. HELIX DIGITAL INC. & JAMES WALTZ*,
　No. 23-CV-11044-LTS, 2025 WL 902647 (S.D.N.Y. Mar. 25, 2025) ...................13

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
　579 F.3d 143 (2d Cir. 2009) ................................................................................14

*Cardona v. Mohabir*,
　No. 14 Civ. 1596 (PKC) 2014 WL 1804973 (S.D.N.Y. May 6, 2014) ..................14

*Delaney v. HC2, Inc.*,
　No. 24-CV-6287 (LJL), 2025 WL 27484 (S.D.N.Y. Jan. 3, 2025) ........................17

*Gambello v. Time Warner Commc'ns, Inc.*,
　186 F. Supp. 2d 209 (E.D.N.Y. 2002) .................................................................13

*In re JJ Arch LLC.*,
　663 B.R. 258 (Bankr. S.D.N.Y. 2024) ..........................................................1, 4, 5, 6

*In re JJ Arch LLC.*,
　No. 24-10381 (JPM), 2024 WL 2933427 (Bankr. S.D.N.Y. June 10, 2024) .......4, 5

*In re Pennie & Edmonds LLP*,
　323 F.3d 86 (2d Cir. 2003) ..................................................................................14

*In re Terrorist Attacks on Sept. 11, 2001*,
　No. 03-MD-01570 (GBD)(SN), 2025 WL 707478 (S.D.N.Y. Mar. 5, 2025) .........16

*Missere v. Gross*,
　826 F. Supp. 2d 542 (S.D.N.Y. 2011) ...................................................................6

*Nat'l Acad. of Television Arts & Scis., Inc. v. Goodman*,
　No. 22-592, 2023 WL 3989876 (2d Cir. June 14, 2023) .......................................17

*Rivas v. Bowling Green Assocs*,
　No. 13 Civ. 7812, 2014 WL 3694983 (S.D.N.Y. July 14, 2024) ...........................14

*Shafii v. Brit. Airways, PLC*,
　83 F.3d 566 (2d Cir. 1996) ..................................................................................17

*State by Tong v. Exxon Mobil Corp.*,
    83 F.4th 122 (2d Cir. 2023) ........................................................................11, 12

*Ted Lapidus, S.A. v. Vann*,
    112 F.3d 91 (2d Cir.1997).................................................................................14

*United Food & Com. Workers, Loc. 919, AFL-CIO v. Centermark Props. Meriden
    Square, Inc.*,
    30 F.3d 298 (2d Cir. 1994)...............................................................................12

*Windward Bora LLC v. Lungen*,
    No. 22CIV4743VBJCM, 2023 WL 9100340 (S.D.N.Y. Aug. 29, 2023)................6

*Windward Bora LLC v. Sterling Nat'l Bank*,
    No. 24-94, 2024 WL 3335071 (2d Cir. May 3, 2024) .............................................6

*Wood v. Brosse U.S.A., Inc.*,
    149 F.R.D. 44 (S.D.N.Y. 1993) .........................................................................17

*Yun Fei Xiao v. City of New York*,
    No. 09 CIV 8599 BSJ KNF, 2010 WL 286684 (S.D.N.Y. Jan. 25, 2010) ...............12

## STATUTES

28 U.S.C. § 1331.....................................................................................................11

28 U.S.C. § 1334.......................................................................................................4

28 U.S.C. § 1441....................................................................................10, 11, 14

28 U.S.C. § 1446..........................................................................9, 10, 11, 14, 16

28 U.S.C. § 1447..................................................................................................15, 18

## OTHER AUTHORITIES

14C C. Wright, A. Miller, E. Cooper & J. Steinman, Fed. Prac. & Proc. § 3730
    (4th ed.) ............................................................................................................12

Federal Rule of Civil Procedure 5 ...............................................................................18

Federal Rule of Civil Procedure Rule 11 ............................................................. passim

Arch Real Estate Holdings LLC ("AREH"), a defendant and nominal defendant in the above captioned case, hereby submits this memorandum of law in support of its Motion for sanctions against Jeffrey Simpson ("Mr. Simpson") and his counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure ("FRCP"). In support hereof, AREH respectfully represents as follows.

## I.      PRELIMINARY STATEMENT

> But every position taken was taken to extremes. And then court orders which were largely designed to assist Mr. Simpson were ignored and bent as part of what seems to be just a seemingly uncontrollable urge to chart [Mr. Simpson's] own path. To go after perceived enemies. It's been very odd frankly and troubling.

Justice Joel M. Cohen, NY Sup. Ct.  2/28/25 Hr'g. Trans. at 339:16-22, excerpt attached as Exhibit A to the accompanying Declaration of Jonathan Koevary, Esq. (the "Koevary Decl.").

> In short, the circumstances of this case establish that the Debtor's Petition was not filed "in order to rehabilitat[e] or liquidat[e] to a good-faith debtor" . . .  and was instead an attempt by Mr. Simpson to avoid the resolution of the governance issues raised in the State Court Proceeding—a proceeding initiated by Mr. Simpson. The record thus supports the conclusions that this bankruptcy was filed without a "good faith intent to reorganize ...."

*In re JJ Arch LLC.*, 663 B.R. 258, 284 (Bankr. S.D.N.Y. 2024) (internal marks and citations omitted).

> Again stand down.   ***While you have some time to breathe***, why don't you gather some discovery that is long overdue because that's what will be required of you when we get into the process.

3/27/25 Email from Mr. Simpson to Jonathan Koevary, Esq. attached as Exhibit B to the Koevary Decl. (emphasis added).

*      *      *

AREH seeks sanctions in account of Mr. Simpson's blatantly improper and vexatious removal of the underlying state court proceeding (the "State Court Action"). Mr. Simpson initiated the State Court Action, Index No. 158055/2023, in the New York Supreme Court, New

York County, Commercial Division on August 15, 2023 for himself, and derivatively, on behalf of JJ Arch, LLC ("JJ Arch") and AREH against Jared Chassen ("Mr. Chassen") and First Republic Bank.[1] AREH was subsequently named as defendant and nominal defendant by other parties, and was also named as a derivative counterclaim plaintiff by Mr. Chassen.

Removal fails as a matter of law. No federal question has been pleaded to give rise to federal subject matter jurisdiction. Beyond this infirmity, the grounds for removal cannot be met: Mr. Simpson is a plaintiff who chose the New York state court as the forum; not all defendants have consented to removal; and the State Court Action is nearly two years old, not the maximum of 30 days as is required. The removal notice itself did not adhere to the minimum federal requirements.

Monetary sanctions and an injunction against further removal are warranted. This is not the case of a *pro se* litigant knowing not what he is doing. Rather, this was a blatant attempt to evade Justice Cohen's jurisdiction for a second time, to interfere with the installation of a court-appointed receiver, to evade a contempt hearing against Mr. Simpson scheduled for Thursday, March 27, 2025, and to increase litigation costs.

This removal does not come on a clean state. In fact, in violation of orders issued in the State Court Action, Mr. Simpson previously caused the Action's removal to the United States Bankruptcy Court for the Southern District of New York. The Action was ultimately remanded on account of bad faith findings against Mr. Simpson, including findings of forum shopping. Mr. Simpson, aided by counsel, is a serial abuser of the court system, which prejudices other litigants, including AREH. Sanctions are warranted.

---

[1] First Republic Bank is no longer a party.

## II.    STATEMENT OF FACT

### A.    The Previous Removal and Remand of this State Court Action

AREH is the managing member of a number of commercial real estate investment vehicles. Pursuant to AREH's organizational documents, JJ Arch enjoys consent rights over "major decisions" of AREH. At its core, the State Court Action concerns whether Mr. Simpson or Mr. Chassen has control to make decisions over JJ Arch including concerning major decisions of AREH. Bankruptcy Judge John P. Mastando III described the history of Mr. Simpson's violation of state court orders:

> During the pendency of the State Court Proceeding, Justice Cohen issued a series of interim orders (the "Interim Orders") intended to preserve the operational status quo of both AREH and the Debtor. [See *265 Adv. Pro. Dkt., Doc. 3-8, pp. 22–23] (where, during a hearing held on September 11, 2023, Justice Cohen states that the governance of the Debtor is "clearly something that should go back to the status quo ... [to] [g]et the business back on track"); [Doc. 14-1, p. 82] (where, at a hearing held on November 20, 2023, Justice Cohen indicates his desire to "do[ ] [his] level best to keep the ship afloat while the litigation proceeds").

> Following oral argument, Justice Cohen issued an Interim Order on August 21, 2023, providing that: "[t]he August 2023 instruments sent by Simpson and Chassen to the other purportedly resigning or terminating the other as a member or managing member of JJ Arch are hereby void and of no force or effect ... [and] the business, affairs, and assets of JJ Arch shall be managed by Simpson, subject to the limitations set forth in ... the JJ Arch Operating Agreement, which provides among other things that any Company Major Decision, as defined in the JJ Arch Operating Agreement, shall be undertaken only with the prior written consent of Chassen. Simpson and Chassen shall cooperate with each other in good faith to facilitate the effective exercise of their respective roles and responsibilities under the JJ Arch Operating Agreement ...." (emphasis added).

> Thereafter, on November 28, 2023, Justice Cohen issued two Interim Orders addressing the provisional governance of both the Debtor and AREH. The first of those Interim Orders (the "AREH Interim Order") appointed Oak as AREH's "sole managing member" and enjoined Mr. Simpson and the Debtor from: "[a]cting as (or holding themselves out to third parties to be) managing members of Arch Real Estate Holdings LLC ("AREH"), and ... [d]enying prompt consent to any Major Decision proposed by Oak as Managing Member ... unless both JJ Arch members (Jeffrey Simpson and Jared Chassen) jointly agree to deny such consent .... [and] [o]therwise interfering with Oak's ability to exercise its responsibility as Managing Member of AREH." (emphasis added).

3

The second Interim Order issued November 28, 2023, provided that:
"[d]uring the pendency of this litigation and subject to further order of the Court[,] Simpson and Chassen are enjoined from unilaterally seeking to terminate or force the resignation of the other member without permission of the Court ... [and] [e]xcept as limited by the Court's preliminary injunction orders granting Oak the status of Acting Managing Member in [AREH] ... the Court's prior Order [issued August 21, 2023] remains in full force and effect ...."

Justice Cohen indicated that the Interim Orders remained in place at a hearing held February 2, 2024, and subsequently set an evidentiary hearing for June 7, 2024, to decide the "ultimate issue" of Mr. Simpson and Mr. Chassen's respective rights vis-à-vis the Debtor.

*JJ Arch*, 663 B.R. at 264–65 (internal marks and citations omitted).

In violation of Justice Cohen's interim orders as described by Judge Mastando, on March 7, 2024, Mr. Simpson unilaterally caused JJ Arch to file for chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), taking the position that Mr. Chassen had resigned. *See Koevary Decl.* Ex. C, *JJ Arch* 663 B.R. at 283 n.44.

On April 3, 2024, JJ Arch, operating solely under Mr. Simpson's control notwithstanding the interim orders, then caused the removal of ***this very*** State Court Action to the Bankruptcy Court.[2]

AREH and Mr. Chassen sought remand. On June 10, 2024, Judge Mastando issued an opinion containing proposed findings of fact and conclusions of law remanding the State Court Action on mandatory abstention grounds, and, alternatively, on permissive abstention grounds and principles of equity. *In re JJ Arch LLC.*, No. 24-10381 (JPM), 2024 WL 2933427, at *3 (Bankr. S.D.N.Y. June 10, 2024).[3]

---

[2] The State Court Action was initially removed to the District Court, which transferred the case to the Bankruptcy Court on the same day.

[3] Judge Mastando found that the Bankruptcy Court had subject matter jurisdiction by virtue of the State Court Action being "related to" JJ Arch's chapter 11 case pursuant to 28 U.S.C. § 1334(b). *JJ Arch* 2024 WL at *13.

Judge Mastando noted that:

"Mr. Simpson then unilaterally filed a petition for chapter 11 relief on behalf of the Debtor on March 7, 2024. . . . The Debtor's petition states that Mr. Simpson became the Debtor's sole equity holder after "Mr. Chassen [ ] was deemed to have resigned as a member of [the Debtor]" during the August Exchange. Id. at p. 12, n.1. This narrative was contradicted twelve days later when Mr. Simpson filed his 1007-2 affidavit, which provides that Mr. Chassen "voluntarily decided to cease providing substantially all of his business time for the benefit of the Debtor no later than January 2024 and, as a result, was deemed to have resigned from the Debtor under the under [sic] terms of the [Debtor's] Operating Agreement."

*Id.* at *19.

After finding that "Mr. Simpson made three attempts to nullify Justice Cohen's rulings in the months preceding this bankruptcy" . . . (*Id.* at *17) and noting further that "[i]t is well-established that "state-court losers complaining of injuries caused by state-court judgments" cannot use the federal judiciary as an appellate court" (*Id.* at *20), Judge Mastando found that the bankruptcy filing and related remand was an exercise of forum shopping. *Id.* at *17-20.

JJ Arch objected to the proposed findings with the District Court. The objections were assigned to District Judge Katherine Polk Failla who later dismissed them as moot. *See Koevary Decl.* Ex. D. The reason they were moot was because, following a thorough examination of Mr. Simpson's behavior, the Bankruptcy Court dismissed JJ Arch's chapter 11 case, finding that Mr. Simpson filed the bankruptcy in bad faith to evade Justice Cohen on the State Court Action and then proceeded to act in bad faith during the pendency of the bankruptcy case. Then, on account of the dismissal of the bankruptcy case, on October 28, 2024, Judge Mastando entered an order remanding the State Court Action. *See In re JJ Arch LLC.*, 663 B.R. 258 (Bankr. S.D.N.Y. 2024); Koevary Decl. Ex. E.

Specifically, Judge Mastando found, among other things, that: ***"the record overwhelmingly suggests that this bankruptcy was a means of removing the State Court***

***Proceeding from the purview of Justice Cohen***" and provided a number of examples supporting his conclusion that "the Debtor (at the direction of Mr. Simpson) has not proceeded in good faith during the early stages of this bankruptcy." *JJ Arch*, 663 B.R. at 282–84. (emphasis added). JJ Arch has appealed Judge Mastando's decision. That appeal has been assigned to District Judge Jeannette Vargas. As of April 2, 2025, JJ Arch has not fully perfected the appeal. *See Koevary Decl.* Ex. F.

**B.      The Post-Remand Activity**

Following remand, the State Court Action had been largely focused on Mr. Chassen's motion to appoint a receiver to take control over JJ Arch's assets, other than those relating to AREH. For much of that time, Mr. Simpson was acting *pro se*, but on January 7, 2025, Mr. Robert Lorenc of the Lorenc Law Firm, appeared in the case on behalf of Mr. Simpson. NYSCEF No. 1038.[4] Although Mr. Lorenc later sought to withdraw from the case, Justice Cohen denied his withdrawal motion without prejudice *See* NYSCEF No. 1167.

Justice Cohen conducted a two-day evidentiary hearing on February 25 and 28, 2025. Judge Cohen then heard closing arguments on March 3, 2025, at which point he indicated that he would be entering an order granting Mr. Chassen's motion and appointing a temporary receiver with respect to JJ Arch's assets not related to AREH. Justice Cohen entered that order on March 11, 2025. *See* NYSCEF No. 1352.

Justice Cohen had also been scheduled to conduct a hearing on March 27, 2025 on Mr. Chassen's motion seeking civil and criminal contempt against Mr. Simpson for his violation of

---

[4] Many of the documents from the state court action are cited to the NYSCEF record of the State Court Action. "The Court may take judicial notice of documents filed on [NYSCEF] as they are part of the public record." *Windward Bora LLC v. Lungen*, No. 22CIV4743VBJCM, 2023 WL 9100340, at *1 (S.D.N.Y. Aug. 29, 2023), report and recommendation adopted, No. 22 CV 4743 (VB), 2023 WL 8600699 (S.D.N.Y. Dec. 12, 2023), appeal dismissed sub nom. *Windward Bora LLC v. Sterling Nat'l Bank*, No. 24-94, 2024 WL 3335071 (2d Cir. May 3, 2024) (citing *Missere v. Gross*, 826 F. Supp. 2d 542, 553 (S.D.N.Y. 2011)).

"[T]he Court may take judicial notice of documents filed on this system as they are part of the public record."

Justice Cohen's orders in connection with causing JJ Arch to file for chapter 11 protection. That hearing was cancelled on account of the removal. *See Koevary Decl.* Ex. G and NYSCEF No. 1409.

## C.     The Second and Current Removal of the State Court Case

While Justice Cohen was in the process of filing orders to install the receiver, on March 19, 2025, Mr. Simpson, purportedly acting "*pro se*," filed a document on the state court docket entitled "Notice of Removal" together with exhibits on the State Court Docket along with his application to the pro se department. *See* NYSCEF No. 1380-82. On March 20, 2025, the state court filed a "Court Notice" copying an email from Mr. Simpson with attachments and inviting parties to file letter indicating their position on removal. *See* NYSCEF No. 1383, 1383-1. This came on the same day that Mr. Chassen filed supplemental papers in support of his contempt motion against Mr. Simpson.

Not all conditions precedent necessary for removal had not occurred (e.g., that no federal index number had been assigned), but Mr. Simpson immediately responded with a letter to Justice Cohen:

> I cannot understand why you would solicit feedback from the parties relating to a "Removal" event to the Federal Court. It is a Constitutional right and that is exactly why the Removal is happening in the first place, you seem to prejudice me and even take positions (on numerous occasions) that go way outside of the boundaries of State Court, inclusive of NYS Court. The Partes can give their reactions via the process in the Federal Court, nothing about Removal invites them to make this a "collaborative" process. Once again, you will learn, I am and was a very effective leader by making informed and educated decisions and moving forward. This is not a "free for all", it is my business that you have invaded in ways that are unconscionable. I will absolutely share this solicitation on with the Federal Court immediately where once again you believe you get to take positions that are beyond your jurisdiction.

*See* NYSCEF No. 1384.

Later that day, counsel for Mr. Chassen docketed a detailed letter in response to Justice

Cohen's inquiry. *See* NYSCEF No. 1385. That letter provided expansive argument about why

removal had ***not*** occurred and also explained why any removal would be improper as a matter of

law. *Id.* In response, Mr. Simpson emailed District Judge Koeltl, the Part 1 judge with an

"emergency action request," arguing that "NYS Judge (Joel Cohen) continues to prejudice me by

soliciting commentary amongst the counterparties in reaction to my Notice of Removal." *Id. See*

NYSCEF Nos. 1372-78.

Immediately thereafter, counsel for the receiver sent a letter to the state court asserting

that removal had not occurred. *See* NYSCEF No. 1388. In response to that letter, still on March

20, Mr. Simpson responded  again. That response provided:

> **CLEARLY YOU ARE IN TOO DEEP TO GIVE ME ANY CHANCE OF**
> **SUCCESS WHEN ON THE MERITS, IT IS UNQUESTIONABLE THAT I**
> **AM CORRECT ON ALL FRONTS (PER THE DOCUMENTS), YOU JUST**
> **DON'T WANT TO FACE THE FACTS OF THE AGREEMENTS.**

*See* NYSCEF No. 1389 (emphasis in original).

Then on March 24, Mr. Simpson filed another letter with the Court. *See* NYSCEF No.

1406. Not only did he take the position that removal had occurred, but he also acknowledged

preventing the temporary receiver from exercising his authority:

> This morning, 3.24.25 I was working at 1640 Motors (as I was yesterday as well,
> yes on Sunday), 90 miles away from my family. office manager colleague told me
> that there was someone in the office of the auto shop to see me at approximately
> 11 am, he mentioned Court notice. I assumed it was a process server. I walked in
> to see that Mr. Eric Huebscher was in the area where only office employees are
> allowed and he was digging through the files! He made no appointment, decided
> to just "dig in" without notice. He refused to leave, I got very upset, as that's what
> humans do when people attack them (constantly here). I called Southampton
> Police, they tried to have him leave, he appeared to resist and ultimately left. It is
> unclear if he took any documents out of my file folders. Of course it was
> inappropriate for him to show up on my property, waiving his Court Order and
> refusing to stand down upon request. He has no grounds or jurisdiction on to do
> anything, everyone here knows that. The first case has been assigned in SDNY

via Removal and that is for the 654 action and it is 1:25cv-02373. As soon as I have the PDF from PACER I will post it to this docket. The other two should be available tomorrow.

*Id.*

Mr. Lorenc, as counsel to Mr. Simpson, took no action to rectify the situation. Rather, on that same date, March 24, 2025, Mr. Lorenc aggravated the situation by sending an email to Justice Cohen's clerk that under the guise of merely seeking "guidance," in fact advocated that removal had in fact occurred in what appears as an effort to have avoided the scheduled contempt hearing:

> Based on the Court's prior order concerning Mot. Seq. 13, Plaintiff was permitted to file a memorandum of law on or before March 26th with oral argument scheduled on March 27th. (see Doc. Nos. 1363 and March 18th email scheduling oral argument.). However, in light of Mr. Simpson's recent pro se filings to remove the cases before this Court to the SDNY I am seeking guidance and/or clarity from the Court concerning the dates moving forward.
>
> ***My understanding of 28 U.S.C. § 1446(d) is that upon the removal becomes effective as of the filing of the notice of removal with the clerk and that the State court shall proceed no further unless and until the case is remanded.*** As such, under the circumstances as of today, are oral arguments and the submissions dates suspended and/or stayed at this time?
>
> Please note that ***I understand Mr. Simpson's position to be that the actions before the Court are effectively stayed at this time and, based on the statutory authority, it would appear that to be the case.*** However, as of date my office still represents Mr. Simpson and JJ Arch in the action before this Court. To that end, to both ensure compliance with this Court's orders as well as for scheduling matters, are the dates with respect to the submission of Plaintiffs' MOL in opposition to Mot. 13, the oral argument pertaining thereto, as well as Defendant Oak's recently filed motion to strike JJ Arch's counterclaims (Doc. 1395) effectively adjourned for the foreseeable future?

Koevary Decl. Ex. H (emphasis added).

One day later, following Mr. Simpson filing evidence of an federal index number being assigned, Justice Cohen entered a court notice, finding the case had been removed. *See* NYSCEF No. 1409.

On March 25, 2025, counsel for AREH emailed Mr. Lorenc, asserting that sanctions relief would be brought unless Mr. Simpson consented to immediate remand. *See Koevary Decl.* Ex. I. Mr. Simpson sent two emails in response. One on March 25, 2025, the other on March 26, 2025. *See* Ex. B and J. The March 26 letter demanded that AREH "stand down."

III.    <u>RELIEF SOUGHT</u>

As set forth below AREH seeks the following sanction award: (a) against Mr. Simpson, Mr. Lorenc and the Lorenc law firm, costs in connection with the remand and sanctions motions and any appurtenant costs related to removal and remand, jointly and severally; and (b) as against Mr. Simpson, a permanent injunction prohibiting him from filing further removal of the State Court Action, under penalty of contempt of court.

IV.    <u>ARGUMENT</u>

**A.    Removal is Facially Improper**

28 U.S.C. § 1441(a) provides:

(a)Generally.— Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States **have original jurisdiction, may be removed by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.

28. U.S.C. §1441(a) (emphasis added).

In turn, 28 U.S.C. § 1446 provides in pertinent part that:

(a)Generally.—
*A defendant or defendants* desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed *pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action*.

(b)Requirements; Generally.—
(1) The notice of removal of a civil action or proceeding *shall be filed within 30 days after the receipt by the defendant*, through service or otherwise, of a copy of

10

the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2)(A)When a civil action is removed solely under section 1441(a), **all defendants** who have been properly joined and served **must join in or consent to the removal of the action**. . . .

28 U.S.C. § 1446 (emphasis added).

Taken together, the relevant parts of these statutes mean that removal requires: (a) original jurisdiction of the District Courts; (b) removal by a defendant; (c) consent by all defendants; (d) removal within 30 days after service of the summons; and (e) a signed Rule 11 notice containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Here, there can be no original jurisdiction of the District Court. The stated jurisdiction in the notices filed at Docket Nos. 1 and 3 appears to be a federal question under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question:

[i]s governed by the 'well-pleaded complaint rule, . . . Under that rule, federal-question jurisdiction generally "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" and cannot be triggered "on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."

In other words, the "general rule" is that federal courts lack federal-question jurisdiction "if the complaint does not affirmatively allege a federal claim."

*State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023) (internal marks and citations omitted).

The general well pleaded complaint rule is subject to three exceptions, which cannot be applicable here: They are: (1) "if Congress expressly provides, by statute, for removal of state[-

]law claims"; (2) "if the state[-]law claims are completely preempted by federal law"; and (3) "in certain cases if the vindication of a state[-]law right necessarily turns on a question of federal law." *Id.* at 133.

"Put differently, removal is not proper unless the complaint affirmatively allege[s] a federal claim Federal defenses are inadequate to support removal. Where, as here, jurisdiction is asserted by a defendant in a removal petition, ... the defendant has the burden of establishing that removal is proper." *United Food & Com. Workers, Loc. 919, AFL-CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal marks and citations omitted).

Here, the complaint does not plead any federal claims. NYSCEF No. 1. Therefore, there can be no subject matter jurisdiction. Next, not only have not all (or any) defendants consented, but Mr. Simpson is a plaintiff, and thus is ineligible to seek removal. That he is also a counterclaim defendant does not alter this analysis. A plaintiff "cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them." "[T]he right to remove [ ][is] limited to 'true' defendants. Thus, plaintiffs cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them." *Yun Fei Xiao v. City of New York*, No. 09 CIV 8599 BSJ KNF, 2010 WL 286684, at *1 (S.D.N.Y. Jan. 25, 2010) (*citing* 14C C. Wright, A. Miller, E. Cooper & J. Steinman, Fed. Prac. & Proc. § 3730 (4th ed.) (opinion recommending remand of case removed by plaintiff).

Moreover, this action was filed over 19 months ago and cannot meet the 30 day requirement. Finally, the removal is improper as Mr. Simpson did not "attach to his Notice any pleadings or orders from th[e] underlying action."

12844217-1

**B.      The Standard for Rule 11**

FRCP 11(b) provides:

Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, **or later advocating it**—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FRCP 11(b). (emphasis added).

Under Rule 11, "[s]anctions may not be imposed unless an allegation is utterly lacking in support .... This is an objective, not a subjective, standard 'intended to eliminate any empty-head pure-heart justification for patently frivolous arguments.' " *Gambello v. Time Warner Commc'ns, Inc.*, 186 F. Supp. 2d 209, 229 (E.D.N.Y. 2002) (internal citations omitted). Rule 11(c)(2) allows a party to make a motion to sanction specific conduct that allegedly violates Rule 11(b) but requires that such motion be served under Rule 5, and provides that the motion "must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

*AMITY DIGITAL LLC, v. HELIX DIGITAL INC. & JAMES WALTZ*, No. 23-CV-11044-LTS, 2025 WL 902647, at \*8 (S.D.N.Y. Mar. 25, 2025).

Moreover, Notwithstanding Rule 11, the Court has the inherent power to impose sanctions if there is clear and convincing evidence that a party has "set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate the action." *Almeciga v. Ctr. for Investigative Reporting, Inc.,* 185 F. Supp. 3d 401, 427 (S.D.N.Y. 2016).

*Id.* at \*8 (S.D.N.Y. Mar. 25, 2025) (internal marks and citations omitted).

The mental state applicable to liability for Rule 11 sanctions initiated by motion is objective unreasonableness. *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003). Since the inquiry must be "reasonable under the circumstances," liability for Rule 11 violations "requires only a showing of objective unreasonableness on the part of the attorney or client signing the papers." *Ted Lapidus, S.A. v. Vann,* 112 F.3d 91, 96 (2d Cir.1997)(emphasis omitted). *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 579 F.3d 143, 150 (2d Cir. 2009)

"By statute, a removal petition is subject to the strictures of Rule 11." *Cardona v. Mohabir*, No. 14 Civ. 1596 (PKC) 2014 WL 1804973, *2 (S.D.N.Y. May 6, 2014) (citing 28 U.S.C. §1446(a) and ordering monetary sanctions under Rule 11 *sua sponte* for removing a Connecticut to the Southern District of New York, where only the District of Connecticut was proper).

In *Rivas v. Bowling Green Assocs*, No. 13 Civ. 7812, 2014 WL 3694983 (S.D.N.Y. July 14, 2024), a citizen of New York State removed a case to the Southern District of New York on diversity jurisdiction even though, where diversity is the sole basis for jurisdiction, a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In the removal petition, counsel for the party represented that the case qualified for removal. Finding that the conduct "involved no venality" the Court sanctioned the lawyer with a warning and his law firm by requiring all litigation partners admitted in the Southern District to attend jurisdiction-related legal education. *Id.* at *4-5.

Here, as set forth above, there is no basis for removal. Moreover, on its face the record could not be more clear that Mr. Simpson's intentions are venal and vexatious. They are

"improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

In violation of Justice Cohen's interim orders, Mr. Simpson caused JJ Arch's bankruptcy filing and subsequently removed the State Court Action approximately three weeks later. He managed to keep JJ Arch and the State Court Action in bankruptcy for seven months, until the Bankruptcy Court dismissed the case for Mr. Simpson's bad faith actions and attempts to evade Justice Cohen. Now, immediately after Justice Cohen granted Mr. Chassen's motion to appoint a receiver and one week prior to hearing Mr. Chassen's motion for contempt, Mr. Simpson removed the Action once again.

Mr. Simpson's efforts were successful in that Judge Cohen cancelled the contempt hearing until otherwise ordered by the federal court. See NYSCEF No. 1409. For a second time, without grounds, he has now stopped the State Court Action in its tracks to evade Justice Cohen's orders. Not only does the removal delay the State Court Action, but it has now added again, a significant expense, to the State Court Action in that parties are required under 28 U.S.C. § 1447 to seek remand within 30 days.

And throughout this time, Mr. Simpson has engaged in a threatening letter campaign promoting dubius positions in attempts to bully anyone to think otherwise, be it Justice Cohen or the parties. As there is not even remotely any objective grounds for removal, and that the record makes clear that the purpose was to evade Justice Cohen and to add expense, and that it comes on the history of a previous improper removal of the same action, Mr. Simpson's conduct is both objectively unreasonable, and subjectively, the latest action in a pattern of bad faith conduct on the part of Mr. Simpson.

Mr. Simpson purports to act *pro se*, but he is represented by counsel, Mr. Robert Lorenc of the Lorenc Law Firm.

> The ABA Model Rules of Professional Conduct prohibit an attorney from assisting a client "in conduct that the lawyer knows is criminal or fraudulent." Model Rules of Pro. Conduct r. 1.2(d) (Am. Bar Ass'n 1983). These Rules also prohibit a lawyer from knowingly making "a false statement of fact or law to a tribunal." Id. r. 3.3(a)(1). These canons are incorporated in the New York Rules of Professional Conduct. See N.Y. Rules of Pro.

> Conduct r. 1.2(d) (as amended through 2022) ("A lawyer shall not ... assist a client, in conduct that the lawyer knows is illegal or fraudulent ...."); Id. r. 3.3(a)(1) ("A lawyer shall not knowingly make a false statement of fact or law to a tribunal ....").

*In re Terrorist Attacks on Sept. 11, 2001,* No. 03-MD-01570 (GBD)(SN), 2025 WL 707478, at *2 (S.D.N.Y. Mar. 5, 2025).

Here, Mr. Lorenc did more than just stand by when he knew, or must have known, that removal was improper as a matter of law, and that Mr. Simpson had not even met the bar for removal. Instead, Mr. Lorenc "later advocated" that removal had occurred. He had the benefit of the March 20 letters from Mr. Chassen's counsel and the receiver's counsel to provide any guidance which he may have needed and which pointed him to the statutes in question. Nonetheless, he facilitated the conduct by taking the position that the State Court Action had in fact been removed and stayed, even though removal was improper and not all conditions had been met to effectuate the removal.

> ***My understanding of 28 U.S.C. § 1446(d) is that upon the removal becomes effective as of the filing of the notice of removal with the clerk and that the State court shall proceed no further unless and until the case is remanded.*** As such, under the circumstances as of today, are oral arguments and the submissions dates suspended and/or stayed at this time?

> **Please note that I understand Mr. Simpson's position to be that the actions before the Court are effectively stayed at this time and, based on the statutory authority, it would appear that to be the case.**

Koevary Decl. Ex. H. (emphasis added). Notwithstanding his professional obligations, Mr. Lorenc aggravated the situation in supporting Mr. Simpson's contention that the state court was divested of jurisdiction. For this reason, Mr. Lorenc cannot take the position that he was idly standing by while his client acted. He was an active participant and it was objectionably unreasonable and subjective bad faith for Mr. Lorenc to have taken his actions in support of his client's abuse of the Court.

For these reasons, the sanctions sought against Mr. Simpson and his counsel are appropriate.

## C.    Both Monetary Sanctions and an Injunction is Appropriate

Under Rule 11, [a] typical sanction is "payment of the other side's reasonable attorney's fees which were incurred as a result of the improper filing" or the payment of a penalty to the court. *Delaney v. HC2, Inc.,* No. 24-CV-6287 (LJL), 2025 WL 27484, at *11 (S.D.N.Y. Jan. 3, 2025) (*citing Wood v. Brosse U.S.A., Inc.,* 149 F.R.D. 44, 52 (S.D.N.Y. 1993); Fed. R. Civ. P. 11(c)(4)). While monetary sanctions as against both Mr. Simpson and counsel is appropriate, given the history, it is insufficient. "A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process, including an injunction forbidding further litigation." *Nat'l Acad. of Television Arts & Scis., Inc. v. Goodman*, No. 22-592, 2023 WL 3989876, at *2 (2d Cir. June 14, 2023) (quoting *Shafii v. Brit. Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)).

Mr. Simpson is a serial abuser of the judicial process. Whether one reads any subset of his voluminous writings to various courts and parties, or take judicial notice of his actions on any court docket, what clear is that he has a view on the merits of his position and that he is entitled to proceed in all matters based on his view; and that means from his perspective is free to ignore any judge, order, person, or process that comes in between.

Courts do not and cannot work that way. The record here is that Mr. Simpson was able to evade the state court's jurisdiction for seven months once before in connection with a bankruptcy filing of JJ Arch in violation of state court orders. He now again obtained a delay through his improper removal by causing the state court to once again, found itself divested of jurisdiction by Mr. Simpson's frivolous filings. In addition to a monetary sanctions, an injunction here is appropriate in order to avoid any further delay.

**D.    Relief Sought Herein Is Independent of Any Sanctions Relief Sought Pursuant to 28 U.S.C. § 1447(c).**

AREH intends to either move for or join in a motion for remand, which motion may include a request for sanctions pursuant to 28 U.S.C. § 1447(c), which provides for an independent basis for sanctions for an unlawful removal. The relief sought pursuant to this Motion is without prejudice to any sanctions relief sought by AREH pursuant to 28 U.S.C. § 1447(c).

**E.    Statement Concerning Rule 11 Safe Harbor**

Pursuant to FRCP 5 and 11, this memoranda of law, the Koevary Decl. together with its exhibits, and a notice of Motion are being served at least 21 days prior to AREH filing such documents with the Court to allow for an opportunity to correct the sanctionable conduct. If AREH files the Motion papers with the Court, AREH will at that time file proof of service. AREH reserves all rights to make non-material modifications to this memoranda, if any, or to supplement the Koevary Decl. and will provide a redline upon such occurrence.

## V.    CONCLUSION

For the above reasons, this Court should grant the Motion for sanctions and grant AREH

such other relief as is just and proper.

Dated: New York, New York
       April 3, 2025

**OLSHAN FROME WOLOSKY LLP**
*Attorneys for Arch Real Estate Holdings LLC*

By:    */s/ Jonathan T. Koevary*
       Jonathan T. Koevary
       1325 Avenue of the Americas
       New York, NY 10019
       212.451.2300
       jkoevary@olshanlaw.com

12844217-1

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Jonathan T. Koevary Esq., certify that the foregoing Declaration contains less than 8750 words, as counted by Microsoft Word's word-processing system, excluding the caption, table of contents, table of authorities and signature block, and that it complies with the applicable word limits.

/s/ Jonathan T. Koevary
Jonathan T. Koevary