# Exhibit I

*March 25 Letter from Mr. Koevary to Mr. Lorenc*

**OLSHAN**

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: JKOEVARY@OLSHANLAW.COM
DIRECT DIAL: 212.451.2265

March 25, 2025

**BY EMAIL AND FIRST CLASS MAIL**
Robert Lorenc, Esq.
The LORENC Law Firm
62 West 45th Street
Suite 903
New York, NY 10036
robert@lorenclaw.com

Re: *Jeffrey Simpson v. Jared Chassen, et. al.,* S.D.N.Y Index No. 1:25-cv-02372-LTS: Rule 11/NYCRR Part 130 Sanctions Warning

Dear Rob:

As you know, Olshan Frome Wolosky LLP represents Arch Real Estate Holdings LLC ("AREH"), who is a party to *Jeffrey Simpson, et al. v. Jared Chassen, et al.,* Index No. 158055/2023 (Sup. Ct. N.Y. Co.) (the "Case") which Justice Cohen today has recognized as having been removed to the Southern District of New York under the above referenced docket number (the "Federal Docket") when he issued a notice indicating that the "Court will proceed no further" until the federal court issues an order remanding the case (the "March 25 Court Notice"). NYSCEF Doc. No. 1409.

I incorporate by reference the letter to Judge Swain dated March 24, 2025 from Allen Schwartz as counsel to Jared Chassen, filed at Federal Docket No. 4 (the "Schwartz Letter"), which Mr. Schwartz emailed to you earlier today as if fully repeated herein.

As the Schwartz Letter and the Case history make clear, Mr. Simpson removed the Case for a series of improper purposes including as part of a pattern of harassment of the parties, a pattern of serial evasion of the orders issued in the Case, and a pattern of frivolous and bad faith federal filings aimed at causing unnecessary delay and needlessly increasing the cost of litigation. Not only does this removal follow a previous remand of the same Case in connection with a federal court finding that Mr. Simpson caused JJ Arch LLC to file a bad faith bankruptcy case, but it comes in the immediate wake of a receiver having been appointed and the eve of a contempt hearing of Mr. Simpson's previous blatant disregard of Court orders in this Case, which Mr. Simpson has effectively adjourned.

Moreover, the removal was frivolous in nature, as the Case facially does not and cannot qualify for removal under 28 U.S.C. § 1446. Among other things (i) the removal is untimely as it was not made within 30 days of the filing of the Case; (ii) no federal question has been pleaded

**March 25, 2025**
Page 2

and as such, the District Court does not have subject matter jurisdiction; (iii) Mr. Simpson is a plaintiff and chose the state court forum; and (iv) not all defendants have consented to removal.

Yet with the Court Notice and Justice Cohen's cessation of the Case proceedings, damage has already occurred. Although the Schwartz Letter seeks an emergency pre-motion conference, Judge Swain has subsequently indicated that she intends not to proceed until Mr. Simpson pays the fee he has not paid and has given him 30 days to do so. *See* Federal Court Dkt. No. 5.

Significant damage will continue occur, not only by the delay, but, absent immediate remand, AREH will incur fees in connection with filing remand motions ***and seeking formal Rule 11 sanctions and possibly similar sanctions relief under NYCRR Part 130***.

To be clear, any sanctions application will seek relief against both Mr. Simpson ***and you and your firm specifically.***

While it appears to be that Mr. Simpson himself caused the removal filing and caused the notices of same with the state court, as counsel of record, and an officer of the court, you cannot stand idly by and acquiesce in your client's frivolous and vexatious conduct to undermine the state court's jurisdiction over this matter. Rather, you have a duty to rectify the matter. *See, e.g.,* New York Rule of Professional Conduct Rule 1.2(d).

Moreover, if anything, you aggravated the situation yesterday through your email communication at 3:19 p.m. to Justice Cohen's clerk. Your email communication did far more than simply seek "guidance and/or clarity" concerning whether the contempt motion against Mr. Simpson was going forward this week. Rather, your communication was clearly intended to lend purchase to Mr. Simpson's position that Justice Cohen no longer had jurisdiction, under the guise of simply asking questions. Your questions were asked in a manner designed to buttress Mr. Simpson's position. For example, you stated your "understanding" that "the removal becomes effective as of the filing of the notice of removal with the clerk and that the state court shall proceed no further unless and until the case is remanded" and also that "I understand Mr. Simpson's position to be that the actions before the Court are effectively stayed at this time and, based on the statutory authority, it would appear that to be the case."

How convenient is it that your "understanding" happened to be that your client's position was the correct one? Clearly you and Mr. Simpson are in cahoots regarding this continuing frivolous and vexatious conduct.

Further, while your March 24 email communication seems to imply a position that you are not Mr. Simpson's counsel in federal court ("as of date my office still represents Mr. Simpson and JJ Arch in the action before this Court") that position is without basis. You are counsel to Mr. Simpson in ***this Case***. When a case is removed, the case is the same and only the forum changes. I note that Justice Cohen denied your motion to withdraw as counsel. NYSCEF Doc. No. 1167. And per the March 25 Court Notice "[a]ll orders of this Court entered prior to removal . . . remain in effect subject to any contrary orders made in the federal action." *See also* 28 U.S.C. § 1450, providing that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." You

12832948-1

**March 25, 2025**
Page 3

are Mr. Simpson's counsel in this Case, and the frivolous removal cannot relieve you from your obligations as an officer of the courts.

      In light of the foregoing, AREH hereby demands that you to take whatever action is necessary to immediately remand the Case. Absent such action, AREH will seek to hold you, your firm, and Mr. Simpson liable in connection with all additional expenses and costs incurred in connection with remand and sanctions motions, as well as any costs related to delay.

                                              Sincerely,

                                              */s/* Jonathan T. Koevary
                                              Jonathan T. Koevary

cc: Allen Schwartz, Esq. via email: allen@allenschwartzlaw.com
    Leslie Thorne, Esq. via email: Leslie.Thorne@haynesboone.com
   Aishlinn Bottini, Esq. Aishlinn.Bottini@haynesboone.com

12832948-1