May 9th, 2025

**Jeffrey Simpson, personally, Pro Se**
1055 Park Avenue
New York, NY 10028

# EMERGENCY RELIEF REQUEST
## Motion for Relief Sought in 2nd Circuit 1:25-cv-1087, in addition to Southern District Relief.

**Case:**     1:25-cv-1087 2nd Circuit Appeal (regarding fee extension 1:25-cv-02372)
            1:25-cv-02373 Removal of NYS 158055-2023 "Main Case"
            1:25-cv-02372 Removal of NYS 654928-2024 "Supplemental Casee"
            1:25-cv-02375 Removal of NYS 653208-2024 "Insurance Case"[1]

**Bankruptcy:**     1:24-cv-08649 SDNY (JAV) active Appeal[1] for 1:24-bk-10381 (JPM) for JJ Arch Chapter 11 (dismissed 10/11/24), "Appeal"
            1:25-bk-10437, YJ Simco Chapter 11, "YJ BK"

*Delivered via email to all parties and Pro Se Intake: (ProSe@nysd.uscourts.gov)*

Magistrate Judge Hon. Henry J. Ricardo
Chief Judge Hon. Laura T. Swain
Southern District of New York, United States District Courthouse
500 Pearl Street
New York, NY 10007 -1312, Room 21D

Attention Judge Swain and Judge Ricardo,

I apologize for addressing this message in a group format, there is no disrespect intended but I am at a loss as to what to do in the circumstances that have been set forth in the various pleadings. Unfortunately, I have been stripped of almost all resources to defend myself in these actions. I am trying hard to gain counsel to represent me but not having a clear understanding of where the jurisdiction exists in the various cases has made it merely impossible to gain a lawyer willing to appear in the various matters, unequivocally.

---

1. [1] The Insurance Case was removed from NYS Court shortly after its filing there to the SDNY Bankruptcy Court in conjunction with the JJ Arch LLC Chapter 11 filing. The Removed case was 1:24-ap-04026 (JPM). It was scheduled to have a hearing on 10.31.24 but the JJ BK dismissal on 10.11.24 Remanded the case back to NYS, where no substantive motion practice has occurred since.

As a result of the Actions of the recent Remand, I am unjustifiably being essentially "tried" and "arraigned" (NYS Civil Contempt Motion seeking Criminal immediate incarceration) on 5.12.25 and 5.19.25 in NYS Court without counsel and on issues that have not been through due process. The opposition has worked diligently to cause irreparable harm by avoiding the truth at all costs for almost 2 years now.

The 158055-2023 NYS action has been removed to SDNY, 1:25-cv-02372 (LTS), it was then remanded on a late fee payment with Appeal pending in 2nd Circuit. This case doesn't technically require Removal or Remand as recent discoveries illustrate that the JJ Arch Bankruptcy Appeal takes precedent a (non-final disposition of a Bankruptcy case subject to SDNY appeal is not a Remand and is "stayed" on it's submission (when it is subject to interlocutory orders) and the Appeal has been perfected. Given, the urgent nature of the circumstance and lack of consideration of these matters by the opposition or NYS Court, I have also Removed the action again today, 5.9.25, with additional causes of action listed in that Removal.

First and foremost, I am not equipped to take this caseload on by myself (I am not a lawyer), thankfully I have been working with Benjamin Robert Rajotte, Esq., with the hopes that he can help. He is helping me without funding (pro bono) with the understanding that we have a pending insurance issue that requires immediate relief. His time was focused on that issue and we have attempted to meet and confer with the GAIC (the insurance carrier). It is unclear if they are going to release contractual insurance proceeds without motion practice but that is the goal. Additionally, his authority in SDNY is pending but is complaint in EDNY.

Secondly, my research illustrates that the SDNY local rules, rule 13 "Related Cases". Fed R. Civ P 42 is the reference in the Federal Rules. Section (1) references a Bankruptcy Appeal that is related and that is the case here, in front of Judge Vargas, 1:24-cv-08649. It is unclear in my various inquiries and visits to the Pro Se and Clerk's office to explore if this pending Appeal is still in place of the NYS action, 158055-2023 (1:25-CV-02372 LTS). To the extent this is correct, the Removal and Remand that is a part of the newly established 2nd Circuit Appeal 25-1087. There ~~It~~ was no disrespect or irresponsibility borne by the attempt to make the payment required under 1:25-CV-02372 late. Simply put, I was in the SDNY building just days before and Mr. Rajotte was there on that Friday morning. We were using best intentions to make sure that we do not duplicate efforts or file improperly as that would cause unintended controversy to the Court(s). The 2nd Circuit case number was established on May 2th, 2025. The fee payment was paid immediately on Monday, May 5th, 2025. To the extent that this process is duplicative or unnecessary, we want to make sure the SDNY Court is aware of the overlap.

The background of this Appeal is that under the JJ Arch Chapter filing, Judge Mastando provided for an Opinion in June of 2024 to Remand to NYS, corporate control matters. JJ Arch immediately appealed this, within 14 days and the Appeal has been perfected. The opposition did a filing in this case docket in the last two weeks.

Under Fed Banc. Rules 8007 and 8009 there is an understanding that an appeal that is heard in Federal Court SDNY will not be litigated in a State Court NYS Supreme until such appeal is adjudicated or disposed.   This is not the case, at this time.   In my pleading to SDNY for help in December of 2024, I referenced this issue as it appears that NYS was aggressively pursuing a matter that was not proper jurisdictionally.   Judge Vargas responded ~~properly~~ by saying that since I was a Pro Se litigant she could not reply other than to provide an extension of time for certain Appeal requirements by counsel.   Those were completed for me by the appearance of Robert Lorenc, Esq.

Right or wrong, the motion practice in the NYS Court clarified the entire purpose of what Judge Mastando sought, which was challenging my corporate authority to file the JJ Arch Bankruptcy or not.   Here is what we learned:

1. Chassen admitted that he "stole" the control of JJ Arch in conjunction with 35 Oak, when he testified on February 25, 2025 in NYS Court.   He also confirmed receiving payment from 35 Oak, in addition to legal expense (he was unclear in his testimony, meaning was it a loan, related party, etc).   That testimony was stopped on the grounds of privileged information whereby the relationship of Chassen and Oak has been under lock and key for almost 2 years (the Joint Defense Agreement).   NYS Court agreed with our point of view but suggested a Motion to Compel, for the purposes of Discovery.   Unfortunately, that action was scheduled after the Receiver Order, relief sought by Chassen (without standing or merit). Once this testimony was presented, Chassen's Motions were all rendered moot. He ~~as he~~ had no standing or grounds to present the Motions as he was not a JJ Arch Member since the date in which he worked on behalf of 35 Oak to oust me from my businesses.
2. Chassen put in affirmation in support of a Motion in the JJ Arch BK proceeding in March of 2024, in front of Judge Mastando, he acknowledges to the Court that he will be resigned from JJ Arch if he takes compensation or any new position and therefore pleads to the Court for relief.   He also affirms that he did not receive any compensation from any other party.   When discovery was requested and granted (in the BK Court), he withdrew the action.   He also testified that he hasn't received any funding from any party other than JJ Arch.   This testimony was perjury per 1 above.
3. Earlier, in October 2023, Chassen replied in NYS to seek a bond whereby there was a PI against him for bad acts (including theft of the business from Simpson).   No bond was granted and no Appeal was sought, however he did admit in this pleading that he did in fact acknowledge that he did the bad acts because he felt that they were justified, even though it was unlawful.
4. In August and September of 2023, there are various statements on the record that illustrate further perjury by Chassen and his counsel.   Even though NYS Judge Joel Cohen affirmatively said on August 16th, 2023 in the record that Chassen had virtually no rights since 2021, somehow that narrative gets shifted to potentially grant him rights that he doesn't have contractually.   The NYS Orders  do not change the larger corp. governance issue.   If you see the February 6th, 2024 Order, Judge Cohen confirms Simpson's JJ Arch

      Managing Member role but suggests that the corporate governance is in place and even adds the words "(as amended)".  This confirms the lack of control of Chassen since 2021, once again.

5. As part of the February 25th, 25 Evidentiary hearing, JJ Arch's corp. counsel, Meltzer Lippe was subpoenaed.   They confirmed under testimony the intention of the JJ Arch amendment and Chassen's lack of authority since 2021.
6. There is a Joint Defense Agreement between Oak and Chassen that was executed in early August of 2023.   They have avoided it in discovery on countless occasions.

Overlap and Duplicative efforts:

To the extent that the JJ Arch Bankruptcy appeal holds jurisdiction on the matters contained in the more recent NYS actions (now removed, in part, and Appealed).  Those circumstances are moot because the Federal court has not rendered a decision yet.   It is my belief that Judge Vargas may have a clearer view on the Appeal with the information contained above which will set a precedent about what happens in any of the other actions.

The Rule on consolidation suggests that the cases are moved to the earliest case number and that will be the JJ Arch Bankruptcy appeal.   This is very logical and helps solve the disputes efficiently .

The insurance carrier needs verification on the Oak and Jared relationship, this will be the same discovery.

The idea of a Receiver is moot because Simpson is confirmed (again) the sole Member of JJ Arch.  The above certifies such.  The State Court is threatening incarceration of Simpson, immediate and irreparable harm will be the result.

The Receiver concept has been threatening and undermining more of Simpson's assets without proper authority or justification.   Simpson called the local police, State Police, County Sheriff, and FBI. This Receiver has multiple conflicts of interest that are not recognized by NYS Court either.  Unfortunately, on the day that the fee was due for 1:25-cv-02372, Simpson was in Long Island dealing with the police whereby the Receiver withdrew approximately $24,000 of trust funds that hindered me from paying payroll, taxes and the like.  **THIS ISSSUE IS STILL A PROBLEM AND PAYROLL FOR THAT BUSINESS IS A WEEK BEHIND AS A RESULT OF HIS THEFT.**

The current proceeding regarding State Court and the Receiver motion overlap two bankruptcy actions, in addition it is positioned to expand NYS Court Orders beyond the scope of the desired intent.   The OSC provided on May 3rd and signed by NYS Court stretches these rights in ways that preclude Simpson for the very protection that the Bankruptcy provides for regardless of the outcome of the Appeal, notwithstanding is intentionally used for 35 Oak to "clear" their name of Simpson's allegations of fraud but having the Receiver provide consent .   **Most notably this**

**expanded OSC has the NYS Court chartering into SDNY territory as the 1:25-cv-02373 case is focused on the JJ Investment Entities simultaneously and it does not have jurisdiction.**

<u>We will dig into how</u> The- separate affiliated action is moot because Chassen filed it during the JJ Arch bankruptcy and breached the stay.   It is unclear why Simpson is not heard on this issue.

Chassen is holding up sales of property under JJ Arch improperly.   He started actions in NYS in Suffolk and NY county during the JJ arch bankruptcy stay via lis pendis.   Several of these properties have qualified buyers and the improper Receiver motion stopped those sales without merit.  Chassen ignores Simpson's rights and authority as MM of JJ Arch and ignores Simpson's Dissolution notice in Sept of 2024.  This was part of the jj arch bankruptcy plan and provided required Notice per the operating agreement, I as Managing Member, pronounced the commencement of dissolution , I gave notice as per the agreement.–No court order is required or needed by law or contract.

The insurance company is breaking the law as they are holding back proceeds.  They are aware that Chassen isn't entitled to coverage.

The YJ Simco bankruptcy has overlap to the JJ Arch bankruptcy.   In 2022, I noticed Chassen that I sold my shares from my personal name to YJ Simco .   These were for the Arch assets only, however, there is overlap with one property, 89th ST..   This property is a part of  both bankruptcies.
The YJ Simco bankruptcy is related; my personal assets are at risk as result of this litigation.   I have been robbed of my company, my income, my reputation, abilities to pay bills and to seek a new loan when necessary.

JP Morgan is a large contributing factor in their actions with the Arch unauthorized access as well as having  3 loans under YJ Simco.   They refuse to speak with me about the debts and resolution.   The FRB (now JP Morgan) relationship has been chaotic since Chassen stole the accounts in August of 2023.  That is part of the main litigation and ties into YJ Simco.

By Oak giving away AREH assets investments improperly, these actions have diminished the assets of YJ Simco.   YJ Simco is also subject to insurance proceeds so those funds are a claim against that estate as well.

In Conclusion, Emergency relief is sought at large in this case and Simpson prays for relief for the Court to provide direction and a "stay" for all NYS actions until such point in time the Court can render its decisions based on the merits of the matters contained herein.


/s/       Jeffrey Simpson, Pro Se