UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY SIMPSON, et al.,

                Plaintiffs,

      -against-

JARED CHASSEN, et al.,

                Defendants.

1:25-CV-2372 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated March 25, 2025, the Court directed Plaintiff Simpson, who proceeds *pro se*, within 30 days, to submit a completed requested to proceed *in forma pauperis* ("IFP" or "IFP application") or pay the $405 in fees required to file a civil action in this court. (ECF 5.) Because Plaintiff Simpson neither filed an IFP application nor paid the fees to bring this action, by order and judgment dated and entered on April 25, 2025, the Court dismissed this action without prejudice, denied all then-pending motions and requests as moot, and remanded this action to the New York Supreme Court, New York County. (ECF 34 & 35.) On that same day, April 25, 2025, Plaintiff Simpson filed a notice of appeal (ECF 36), and his appeal of this action is pending in the United States Court of Appeals for the Second Circuit. *See Simpson v. Chassen*, No. 25-1087 (2d Cir.). On May 9, 2025, Plaintiff Simpson filed a letter in this action, which is styled as an "emergency relief request," and in which he seeks "direction and a 'stay' for all NYS actions until such point in time [as] the Court can render its decisions based on the merits of the matters contained herein." (ECF 37.) He also filed this in other actions that he has brought in this court that are or were before other judges of this court. On that same date, May 9, 2025, Plaintiff Simpson filed what appears to be a request to consolidate this action with other actions that he has brought in this court. (ECF 38.) On May 16, 2025, Plaintiff Simpson filed in this action a

letter addressed to Magistrate Judge Henry J. Ricardo of this court, though Magistrate Judge Ricardo has not been assigned or referred to this action, in which Plaintiff Simpson seeks the scheduling of a conference. (ECF 39.)

The Court liberally construes all of the submissions that Plaintiff Simpson filed in this action after his notice of appeal as one motion seeking relief under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") and under Local Civil Rule 6.3. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him" (citations omitted)). For the reasons set forth below, the Court denies Plaintiff's Simpson's motion.[1]

## DISCUSSION

**A.    Jurisdiction**

Because Plaintiff Simpson has filed a notice of appeal, the Court must address whether it has jurisdiction to consider his motion for relief under Rule 59(e) and under Local Civil Rule 6.3. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). If a party files a notice of appeal before the district court disposes of timely filed Rule 59(e) motion, however, then the notice of appeal does not become "effective" until after the

---

[1] The Court's determinations with respect to Plaintiff Simpson's motion are limited to this action only.

district court rules on that motion. Fed. R. App. P. 4(a)(4)(B)(i); *see* Fed. R. App. P. 4(a)(4)(A)(iv).

Here, the Clerk of Court entered the judgment on April 25, 2025. (ECF 35.) Plaintiff Simpson, therefore, had 28 days thereafter to file a motion seeking relief under Rule 59(e) and Local Civil Rule 6.3. *See* Fed. R. Civ. P. 59(e); Local Civil Rule 6.3 (adopting Rule 59's period in which to file). He filed his post-notice of appeal submissions in this action on May 9, 2025, and on May 16, 2025, within 28 days of the Clerk of Court's entry of the judgment on April 25, 2025. Thus, the Court has jurisdiction to consider Plaintiff Simpson's motion. Fed. R. App. P. 4(a)(4)(B)(i); *see* Fed. R. App. P. 4(a)(4)(A)(iv).

### B.    Relief under Rule 59(e) and Local Civil Rule 6.3

The Court must deny Plaintiff Simpson's motion. A party who seeks relief under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The standard governing Rule 59(e) and Local Civil Rule 6.3 motions are the same. *Id.* at 508. "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration [under Local Civil Rule 6.3] is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (citations omitted)).

Plaintiff Simpson alleges nothing to suggest that the Court overlooked any controlling law or factual matters that had been previously put before it. The Court dismissed and remanded

3

this action for one reason only – because Plaintiff Simpson neither paid the fees to bring this action nor filed an IFP application within the time the Court allowed him in its March 25, 2025 order. The Court therefore denies Plaintiff Simpson relief under Rule 59(e) and Local Civil Rule 6.3.

## CONCLUSION

The Court construes Plaintiff Simpson's submissions filed after his notice of appeal (ECF 37-39) as one motion for relief under Rule 59(e) of the Federal Rules of Civil Procedure and under Local Civil Rule 6.3. The Court denies that motion. The Court also denies all other pending requests included in that motion, including any request to consolidate this closed action with other actions that Plaintiff Simpson has brought in this court.

The Court warns Plaintiff Simpson that, if he files another nonmeritorious submission in this action, not including a notice of appeal, it may result in the Court directing Plaintiff Simpson to show cause why the Court should not bar him from filing any future submission in this action without the court's leave to file. *See* 28 U.S.C. § 1651.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 3, 2025
         New York, New York

                                                         /s/ Laura Taylor Swain
                                                         LAURA TAYLOR SWAIN
                                                  Chief United States District Judge